## WILL CONLEY, ALIAS DOUBLE JOINT, v. THE STATE.

### No. 4605.     Decided February 24, 1909.

**1.—Burglary—Witness Under Rule—Discretion of Court.**

The enforcement of the rule with reference to witnesses is to some extent discretionary with the trial court, and where the bill of exceptions to the alleged infraction of the rule did not show any injury to the defendant, there was no ground for reversal.

**2.—Same—Charge of Court—Reformatory.**

Punishment in the reformatory is governed by the age of the defendant at the time of the trial; and where upon trial for burglary there was evidence that the defendant was sixteen years of age the year before he was tried, there was no error in the court's failure to charge on defendant's age with a view of assessing his punishment in the reformatory.

**3.—Same—Jury and Jury Law—Challenge.**

Where upon trial for burglary there was no challenge of the juror on the grounds set up in the motion for new trial as to the juror's disqualification, and no exception was reserved, the matter could not be considered on appeal.

**4.—Same—Sufficiency of the Evidence.**
Where upon trial for burglary the defendant was found in the burglarized house, etc., the conviction was sustained.

Appeal from the Criminal District Court of Dallas. Tried below before the Hon. W. W. Nelms.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of burglary, his punishment being assessed at two years confinement in the penitentiary.

He reserved a bill of exceptions which recites that the court erred in admitting the evidence of T. A. Meddings and Will Boll in rebuttal, which was for the purpose of contradicting the evidence of defendant's witnesses. The reasons urged are, that these witnesses were in a place where they could see and hear the proceedings and evidence of defendant's witnesses when they testified; that the door of the witness' room was wide open and Meddings had his head in the door; that the witness Boll passed through the court room several times unaccompanied by an officer during the examination of the defendant and his witnesses, although the rule had been invoked. The court approved the bill with this qualification: That the above witnesses stated they did not hear any of the testimony of defendant's witnesses. The enforcement of the rule, if in fact it was invoked in this case, is to some extent discretionary with the trial court and in order to require a reversal for its breach some injury must be shown. As this bill presents the matter, we are of opinion that no injury is shown or such as would require a reversal.

In the motion for new trial it is urged that the court should have given a charge in regard to the age of defendant, to the effect that if the jury should find that at the time of the commission of the crime alleged, the defendant was under the age of sixteen, his punishment should be in the reformatory and not in the penitentiary. The mother of appellant testified at the time of the trial he was nearly seventeen years old; that his birthday was the 26th of March, and that he was sixteen years of age the March previous to the time she was testifying. The trial was had on the 18th of November, after appellant was sixteen on the 26th of the previous March. Under this testimony the court did not err in failing to charge in regard to appellant's age with a view of assessing his punishment in the reformatory. Punishment in the

reformatory is governed by the age of the indicted party at the time of the trial.

Finnigan served as a juror in the case. As one of the grounds of the motion for new trial appellant urges that this juror was disqualified by reason of the fact that he had served for more than twenty days during the preceding six months. There was no challenge to this juror, and no exception reserved. The whole matter is based simply on a statement in the motion for new trial. The question can not be raised for revision in this manner.

It is urged also that the evidence is insufficient. The State made out a very strong case. The witnesses Meddings and Boll found defendant in the alleged burglarized house with others. The window had been raised, the iron bars having been pried apart so that their entry could be accomplished. When detected they ran out through another window and were shot at, one of them being struck by a bullet from Meddings' pistol.

The judgment is affirmed.

*Affirmed.*