## Ex Parte Will Thomas.

### No. 4157. Decided April 28, 1909.

**1.—Rape—Bail—Juvenile Criminal.**

Under the Act of the Thirtieth Legislature p. 137, with reference to delinquent children, it was not intended to oust the courts or the executive officers of the State of their power and authority to confine prisoners under sixteen years of age in jail or otherwise to secure their safety until trial, and there was no error in the court's refusal in habeas corpus proceedings to discharge defendant because he was a juvenile.

**2.—Same—Discretion of District Judge.**

While it is doubtless true, under the Act of the Thirtieth Legislature p. 137 concerning juvenile criminals, that it lies within the discretion of the district judge to require the dismissal of a prosecution against the juvenile, etc., yet where the court declines, in habeas corpus proceedings on a charge of a capital felony, to release the relator who brings himself under the provisions of this act, it is to be conclusively assumed that the district judge exercised his discretion in not ordering a dismissal.

Appeal from the District Court of Brazos. Tried below before the Hon. J. C. Scott.

Appeal from habeas corpus proceedings fixing bail on a charge of rape, and refusing to discharge relator under Act of the Thirtieth Legislature, p. 137, concerning juvenile criminals.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, Judge.—The relator was indicted in the District Court of Brazos County on a charge of rape, and also on a charge of assault with intent to commit rape upon one Mary Jackson. He was allowed bail by the court below in the sum of $750. On April 5 of this year he made application to the District Court of Brazos County for a writ of habeas corpus, seeking his release on the ground that he was not subject to prosecution in the ordinary manner for this crime, but was entitled to be tried and punished, if at all, under the laws of this State in respect to juveniles. He further alleged that at the time of his application he was confined in the jail of Brazos County with all manner of criminals charged with murder and other felonies.

1. The law by virtue of which relator seeks release is, as we understand it, an act entitled "delinquent child," chapter LXV, page 137, Act Thirtieth Legislature. This act undertakes to define what is a delinquent child, and makes provision for the disposition, care and nurture of such child through juvenile courts, and contains, among other things, in section 4 of said act the provision that no child within the provisions of this act shall be incarcerated in any compartment of a jail or lock-up in which persons over sixteen years of age are being kept or detained. This section of the statute, and

the provision above quoted have reference, as we believe, only to the confinement of such child during proceedings brought under the terms thereof for the disposition and rearing of such child, and was not intended to oust the courts or the executive officers of the State of their power and authority to confine prisoners under sixteen years of age in a jail or other secure places to await trial in due season, when such detention was necessary to secure their safety until trial.

2. Release is also sought under the provisions of section 9 of said act. This clause is as follows: "The county or district court when it deems it proper and necessary may order a child coming under the definition of this act, and which is charged with the commission of a misdemeanor, to be prosecuted under the criminal laws of this State, as other persons charged with misdemeanors are prosecuted, but no child under sixteen years of age shall be so prosecuted, without such order being first so entered. And after conviction of such child so prosecuted for a misdemeanor the court shall have full power to stay the execution of such judgment and to release such child on good behavior or other such orders as the court may see fit to make.

"Whenever it shall appear to the district court of this State that any person being prosecuted in such court for a felony is a child under sixteen years of age, such court shall have authority to order such prosecution dismissed and to order such child to be committed to the juvenile court of the county in which such District Court is being held, for such action and disposition as said juvenile court may think proper in the premises. Or the said District Court may, after conviction on trial of such child, suspend judgment and order the defendant released on good behavior or such other orders as in the judgment of such District Court would be for the best interest of such child." It is doubtless true, under this act, that it lies within the discretion of the district judge to require the dismissal of a prosecution of such child and to order his commitment to the juvenile court of the county in which such District Court is being held for such action as said juvenile court may think proper in the premises. But if this be a proper construction, it is undoubtedly true that where, as in this case, the court entertains a writ of habeas corpus and declines to release the relator who brings himself under the provisions of this act, it is to be conclusively assumed that the court so trying the case had exercised his discretion not to order a dismissal of such cause. The crime charged against relator is a felony, and except for his age, a capital felony. We do not believe, as presented, he is entitled to a discharge. The judgment of the court below is therefore affirmed.

*Affirmed.*