BILLY DENDY ET AL V. JOHN W. WILSON ET AL.

No. 8205. Decided March 29, 1944.
Rehearing overruled April 26, 1944.
(179 S. W., 2d Series, 269.)

*Charles C. Crenshaw* and *James O. Cade*, both of Lubbock, for petitioners.

This is a criminal case tried by the rules of civil procedure at the conclusion of which a criminal judgment was entered, sentencing these boys to a house of correction until they were 21 years of age, under an act which is unconstitutional, Chapter 204 Gen. Ses. Laws, of 1943. Bielecki v. City of Port Arthur, 12 S. W. (2d) 976; Spann v. City of Dallas, 235 S. W. 513; Ex Parte McDowell, 76 Texas Crim. Rep., 1, 172 S. W. 213; White v. White, 108 Texas 570, 196 S. W. 508.

*Syrian E. Marbut*, County Attorney, of Lubbock, for respondents.

The Court of Civil Appeals erred in holding that even though this was not a criminal case, the defendants were entitled to a jury without having paid a jury fee. That court also erred in holding that it was error for the trial court to permit said defendants to testify against themselves. Estacado Oil Co. v. Parker, 36 S. W. (2d) 1095; Avery & Son Plow Co. v. Mayfield, 111 S. W. (2d) 1134; Fleishman v. State, 91 S. W. (2d) 493.

MR. JUSTICE SHARP delivered the opinion of the Court.

This is a proceeding against Billy Dendy and L. W. King, Jr., instituted by petition of John W. Wilson, probation officer of Lubbock County, under the provisions of Article 2338-1, Vernon's Annotated Civil Statutes, Acts 48th Leg., 1943, p. 313, ch. 204, known as the Juvenile Delinquency Act. Upon a hearing in the Juvenile Court of Lubbock County, judgment was rendered declaring Billy Dendy and L. W. King, Jr., to be delinquent children and committing them to the State School

for Boys at Gatesville, Coryell County, Texas, for an indeterminate period, not to extend beyond each child's twenty-first birthday. Upon appeal to the Court of Civil Appeals at Amarillo, the judgment was reversed and the cause remanded. 175 S. W. (2d) 297.

Separate petitions were filed, but inasmuch as the act alleged to constitute delinquency appeared to be the same, the juvenile court consolidated the cases, over the objection of counsel for the children, and heard them together. The petitions alleged that Billy Dendy and L. W. King, Jr., were delinquent children by reason of their taking an automobile belonging to C. B. Conditt, and both children were alleged to be over the age of ten years and under the age of seventeen years. Notices were served on the parents of the children, and motions to dismiss the petitions, which asserted that the Act authorizing the proceeding was unconstitutional, were overruled by the court. Said children asked to be tried by a jury, but the trial court held that since a jury was not demanded in the manner and as required in other civil cases, the right to a jury trial had been waived. Thereupon the hearing proceeded before the court with the general public excluded, over the objection of counsel for the children.

It was stipulated by and between counsel for the children and counsel for the petitioner that "the juveniles were taken into custody by the Sheriff of Dawson County, Texas, in possession of the car in question in Dawson County." Both children were required to testify, over the objection of their counsel, to the effect that they took the car in question from a car lot belonging to C. B. Conditt and C. J. Reynolds, and they were taken into custody in possession of the car near Lamesa, in Dawson County. On examination by the court, Billy Dendy testified to having served a term in the Boys Reformatory at Gatesville. The owners of the car testified that they knew the boys, that one of them worked for them, and that they had not given them permission to take the car.

The court found the children to be delinquent children within the meaning of the Act, and ordered them committed to the State School for Boys at Gatesville for an indeterminate period, subject to modification or revocation from time to time. In their appeal to the Court of Civil Appeals the boys attacked the constitutionality of the Act in numerous respects. The court sustained the validity of the Act generally, but held the juvenile court erred in failing to allow the boys a jury trial and in compelling them to testify against themselves.

It is quite obvious that the tendency of modern legislation is to radically change the method of procedure in the trial of juveniles. The underlying thought in our early criminal laws was to punish the offender, and this rule applied to children and adults alike. Prior to the enactment of the law now under consideration, the Legislature of this State had enacted laws applicable to the trial of juveniles. See Articles 1083 to 1093, inclusive, Code of Criminal Procedure, and Articles 2329 to 2338, inclusive, Vernon's Annotated Civil Statutes. In Article 1093, Code of Criminal Procedure, it was provided that the prosecution and conviction of a juvenile shall be regarded as a criminal case, and an appeal of such case had to be taken to the Court of Criminal Appeals. The Court of Criminal Appeals had occasion to construe Article 1083 et seq., Code of Criminal Procedure, and held that they were designed for the protection and reformation of juvenile offenders. It also held that the law was corrective, not punitive. In the case of Phillips v. State, 20 S. W. (2d) 790, it was said: "In order that the beneficent purpose of the act may be effectuated, it should be construed liberally, except in so far as it purports to restrain the liberty of the child, in which case it should be strictly construed." See also Davis v. State, 113 Texas Cr. R. 429, 21 S. W. (2d) 1068; Morgan v. State, 114 Texas Cr. R. 434, 25 S. W. (2d) 842.

In 1943 the Legislature enacted the Act under consideration. It is quite long, and we shall refer only to the parts thereof essential to this opinion.

Section 1 of Article 2338-1 states the underlying purpose of this Act as follows:

"Section 1. The purpose of this Act is to secure for each child under its jurisdiction such care, guidance and control, preferably in his own home, as will serve the child's welfare and the best interest of the state; and when such child is removed from his own family, to secure for him custody, care and discipline as nearly as possible equivalent to that which should have been given him by his parents. * * *."

Section 3 reads as follows:

"Sec. 3. The word 'court' means the 'Juvenile Court.' The word 'Judge' means the Judge of the Juvenile Court. The term 'delinquent child' means any female person over the age of ten (10) years and under the age of eighteen (18) years and any male person over the age of ten (10) years and under the age of seventeen (17) years:

"(a) who violates any penal law of this state of the grade of felony;

"(b) or who violates any penal law of this state of the grade of misdemeanor where the punishment prescribed for such offense may be by confinement in jail;

"(c) or who habitually violates any penal law of this state of the grade of misdemeanor where the punishment prescribed for such offense is by pecuniary fine only;

"(d) or who habitually violates any penal ordinance of a political subdivision of this state;

"(e) or who habitually violates a compulsory school attendance law of this state;

"(f) or who habitually so deports himself as to injure or endanger the morals or health of himself or others;

"(g) or who habitually associates with vicious and immoral persons."

Section 4 defines how juvenile courts may be established.

Section 5 reads as follows:

"Sec. 5.   The Juvenile Court shall have exclusive original jurisdiction in proceedings governing any delinquent child, and such court shall be deemed in session at all times.

"Nothing contained herein shall deprive other courts of the right to determine the custody of children upon writs of habeas corpus, or when such custody is incidental to the determination of causes pending in such courts.

"When jurisdiction shall have been obtained by the court in the case of any child, such child shall continue under the jurisdiction of the court until he becomes twenty-one (21) years of age, unless discharged prior thereto; such continued jurisdiction shall, however, in no manner prejudice or constitute a bar to subsequent or additional proceedings against such child under the provisions of this Act."

Section 6 describes how a transfer of cases may be made.

Sections 7, 7-A, 8, 9, and 10 describe how an information may be filed, where the venue of the case is, the method and service of summons, the punishment for failure to obey such summons, and the issuance of a warrant.

Section 11 provides how a child taken into custody may be released.

Section 13 reads as follows:

"Sec. 13. The Judge may conduct the hearing in an informal manner and may adjourn the hearing from time to time. In the hearing of any case the general public may be excluded. All cases involving children shall be heard separately and apart from the trial of cases against adults.

"If no jury is demanded, the Judge shall proceed with the hearing. When the proceeding is with a jury, the verdict shall state whether the juvenile is a 'delinquent child' within the meaning of this Act, and if the Judge or jury finds that the child is delinquent, or otherwise within the provisions of this Act, the court may by order duly entered proceed as follows:

"(1) place the child on probation or under supervision in his own home or in the custody of a relative or other fit person, upon such terms as the court shall determine;

"(2) commit the child to a suitable public institution or agency, or to a suitable private institution or agency authorized to care for children; or to place them in suitable family homes or parental homes for an indeterminate period of time, not extending beyond the time the child shall reach the age of twenty-one (21) years;

"(3) make such further disposition as the court may deem to be for the best interest of the child, except as herein otherwise provided.

"No adjudication upon the status of any child in the jurisdiction of the court shall operate to impose any of the civil disabilities ordinarily imposed by conviction, nor shall any child be deemed a criminal by reason of such adjudication, nor shall such adjudication be deemed a conviction, nor shall any child be charged with or convicted of a crime in any court. The disposition of a child or any evidence given in the court shall not be admissible as evidence against the child in any case or proceeding in any other court other than another Juvenile Court, nor shall such disposition or evidence operate to disqualify a child in any future civil service examination, appointment, or application.

"Whenever the court shall commit a child to any institution or agency, it shall transmit with the order of commitment, a summary of its information concerning such child and give in the order of commitment the birth date of the child or attach thereto a certified copy of the birth certificate."

Section 14 provides for the modification of a judgment and the return of the child to its parents.

Section 17 reads as follows:

"Sec. 17. No female person over the age of ten (10) years and under the age of eighteen (18) years, or any male person over the age of ten (10) years and under the age of seventeen (17) years, shall be placed or committed to any compartment of any jail or lock-up in which persons over juvenile age are incarcerated or detained; but shall be placed in a room or ward separate and apart from that occupied by adults. The proper authorities of all counties shall provide suitable place of detention for such juveniles separate and apart from any jail or lock-up in which adults are confined. Said detention place may be in the same building housing adults, or in a building separate and apart from that where adults are confined."

Section 21 provides that an appeal may be taken by any party aggrieved to the Court of Civil Appeals, and the case may be carried to the Supreme Court.

Section 24 repealed Articles 2329 and 2338 of the Revised Civil Statutes, and Articles 1083 to 1093 of the Code of Criminal Procedure, and all conflicting laws or parts of laws.

Petitioners contend that this law is unconstitutional, and that the trial court erred in the following matters: (1) That the trial court erred in consolidating the two cases as civil cases for trial, when in fact they were criminal cases; (2) that the trial court erred in refusing to allow said children a public trial; (3) that the trial court erred in refusing the minor children a trial by jury; and (4) that the trial court erred in compelling the children to testify, over their objections, against themselves, in violation of the Fifth Amendment to the United States Constitution and Section 10 of Article I of the Texas Constitution.

The State complains of the holding of the Court of Civil Appeals that the trial court erred in not permitting a jury trial.

■ The harsh rule that was applied to children in former laws has been abolished in this Act. As stated, in Section 1 of Article 2338-1, the dominant purpose of the Act is to throw around the child the care and guidance of a good home life, if such is available, and if not available to place such child in such surroundings as would as nearly as possible be equivalent thereto. Section 13 in part provides that, "No adjudication upon the status of any child * * shall operate to impose any of the civil disabilities ordinarily imposed by conviction, nor shall any child be deemed a criminal by reason of such adjudication, nor shall such ad-

judication be deemed a conviction, nor shall any child be charged with or convicted of a crime in any court." It further provides that, "The disposition of a child or any evidence given in the court shall not be admissible as evidence against the child in any case or proceeding in any other court other than another Juvenile Court, nor shall such disposition or evidence operate to disqualify a child in any future civil service examination, appointment, or application."

This Act does not undertake to convict and punish a child for the commission of a crime. It defines a "delinquent child," and this definition furnishes the basis for proceedings against such a child under the Act. The only issue to be determined at the trial is whether the juvenile is a "delinquent child" within the meaning of the Act.

The Act created juvenile courts with special jurisdiction over delinquent children. A juvenile court is not a criminal court. It is a special court created by statute, and the statute specifically provides what disposition may be made of a "delinquent child" until he or she reaches the age of 21 years. The purpose of the statute is to get away from the old method of handling minors charged with offenses, and to place such minors with suitable persons or in suitable institutions or agencies authorized to take care of minors, for a certain period of time.

■ The power to make laws is vested through the Constitution in the Legislature. This power gives the Legislature the right to define crimes and the punishment therefor, and this is done by statute. 12 Tex. Jur., p. 213, sec. 7, p. 223, sec. 14. However, the Legislature does not have the power to enact any law contrary to the provisions of the Constitution. If any law, or part thereof, undertakes to nullify the protection furnished by the Constitution, such law, or part thereof, that conflicts with the Constitution is void.

■ It is quite clear that the Legislature intended by this Act to radically change the law relating to minors. It specifically states that the Act shall be liberally construed to accomplish the purpose sought therein. We think from the language used that the Legislature made it plain that the juvenile courts are invested with exclusive original jurisdiction over children *within the age limits prescribed by the law*. In Section 5 we find this language: *"The juvenile court shall have exclusive original jurisdiction in proceedings governing any delinquent child, and such court shall be deemed in session at all times."* (Italics ours.) In

Section 12 is found the following: "If during the pendency of a criminal charge or indictment against any person in any other court than a Juvenile Court, it shall be ascertained that said person is a female over the age of ten (10) years and under the age of eighteen (18) years, or is a male person over the age of ten (10) years and under the age of seventeen (17) years *at the time of the trial for the alleged offense,* it shall be the duty of such court to transfer such case immediately together with all papers, documents and testimony connected therewith to the Juvenile Court of said county." (Italics ours.) This section of the Act makes it the duty of any other court to transfer such a case to the juvenile court upon ascertaining that the accused is within the statutory age limits. No discretion is vested in the other court, as was the case under an early statute. Ex parte Thomas, 56 Texas Cr. R. 66, 118 S. W. 1053; Ragsdale v. State, 61 Texas Cr. R. 145, 134 S. W. 234. Furthermore, the Act repeals by specific mention certain articles of both the Civil Statutes and the Code of Criminal Procedure, and all laws or parts of laws in conflict therewith. The Act provides for a jury trial when a jury is demanded, and authorizes the trial court to order a jury on its own motion. Nothing is said about the payment of a jury fee. The Act does not require a minor to testify against himself in a proceeding under same, and it does not require the trial court to follow the rules of civil procedure in taking testimony in the trial of such cases. We think, however, that the whole Act discloses that the Legislature intended that proceedings instituted thereunder should be governed, as far as practicable, by the rules relating to civil procedure. The trial court construed the Act as giving it power to compel the minors to testify against themselves.

This Act gives broad powers to the trial court in the handling of cases arising thereunder. The law does not specifically authorize the trial court to consolidate two cases, but in view of the purposes of the law we see no sound reason to hold that in the exercise of its sound discretion the trial court erred in consolidating the two cases. The law also authorizes the trial court to exclude the general public from a hearing of any case, if it thinks proper to do so. This saves the minor from embarrasment, and also permits the court to avoid the publicity that often surrounds the trial of a case. Since the proceedings under this Act must be governed largely by rules governing civil actions, the trial court did not err in excluding the general public from the trial.

■ It has been repeatedly held by other courts, in construing acts similar to the one under consideration, that such statutes

are not criminal in nature, and where their purpose is for the education and reformation of the minor, and the institution to which he or she is committed is not penal in nature, the denial of the right of a jury trial is not a violation of the Constitution. Some of the leading cases are as follows: Wissenberg v. Bradley, 209 Iowa 813, 229 N. W. 205, 67 A. L. R. 1075, and annotations; Bryant v. Brown, 151 Miss. 398, 118 So. 184, 60 A. L. R. 1325, and annotations; Lindsay v. Lindsay, 257 Ill. 328, 45 L. R. A. (N. S.) 908, 100 N. E. 892; Ann. Cas. 1914 A, 1222; 31 Amer. Jur., p. 804, sec. 100; 35 C. J., p. 195, sec. 100.

This law provides for a trial by jury, and a person tried thereunder is entitled to a jury if properly demanded. No jury was properly demanded in this instance, and under the facts the trial court did not err in proceeding with the trial without a jury. Nor did the trial court abuse its discretion in consolidating the two cases. The Court of Civil Appeals erred in holding that the case should have been tried with the aid of a jury.

The State also contends that the Court of Civil Appeals erred in reversing the trial court for compelling the minors to testify against themselves.

Certain provisions in both the Federal and the State Constitutions bear upon this contention. In the Fifth Amendment to the Federal Constitution we find that no person "shall be compelled in a criminal case to be a witness against himself." In Section 10 of Article I of the Constitution of the State of Texas it is provided: "in all criminal prosecutions the accused * * shall not be compelled to give evidence against himself * *."

■ In passing upon the question whether these minors could have been largely compelled to testify as to the transaction, we must necessarily inquire whether they were granted complete immunity from prosecution under the general criminal law for the act concerning which they testified. At the outset, it is to be noted that the Act itself does not purport to repeal the provisions of the Penal Code with respect to offenses committed by minor children. Repeal of laws by implication is not favored. Wintermann v. McDonald, 129 Texas 275, 102 S. W. (2d) 167, 104 S. W. (2d) 4; Ash v. State, 134 Texas Cr. R. 208, 114 S. W. (2d) 889; Townsend v. Terrell, 118 Texas 463, 16 S. W. (2d) 1063. In Wintermann v. McDonald, supra, it was said: "In the absence of an express repeal by statute, where there is no positive repugnance between the provisions of the old and new statutes, the old and new statutes will each be construed

so as to give effect, if possible, to both statutes." The Court of Criminal Appeals held that Article 5143a, Section 1, Vernon's Annotated Civil Statutes, which defined the age of a delinquent child the same as in this Act, did not expressly repeal Article 30 of the Penal Code. Flannery v. State, 135 Texas Cr. R. 235, 117 S. W. (2d) 1111.

The Constitution of Texas gives the Court of Criminal Appeals appellate jurisdiction of all criminal cases. Section 5 of Article V of the Constitution. That court has not construed this Act, and this Court is compelled to construe same in the light of the opinions of the Court of Criminal Appeals.

■ Section 12 of the Act provides that a pending criminal case shall be transferred to the juvenile court when it appears that the defendant is within the statutory age limits *at the time of trial;* thus implying that if the defendant is above the statutory age limit at the time of trial, even though the act upon which the prosecution is based was committed while the defendant was within the age limits, the courts can try him for crime. This interpretation of the language of the Act is fortified by the fact that the Court of Criminal Appeals has always held that the age at the time of the trial is controlling. Conley v. State, 55 Texas Cr. R. 370, 116 S. W. 806; McLaren v. State, 85 Texas Cr. R. 31, 209 S. W. 669; Walker v. State, 119 Texas Cr. R. 330, 45 S. W. (2d) 987; Stallings v. State, 129 Texas Cr. R. 300, 87 S. W. (2d) 255; Hardie v. State, 140 Texas Cr. R. 368, 144 S. W. (2d) 571. The reason for the rule is illustrated by this language from McLaren v. State, supra:

"It could hardly be seriously contended that one who had committed a heinous crime, as, for instance, murder, while 15 or 16 years of age, and who was not apprehended or indicted until past 21, would, by reason of such lapse, go absolutely unwhipped of justice, unless the language of the law were such as that it was reasonably susceptible of no other construction than one which produced such result. And that is true whether such lapse resulted from an act of the accused or of another, for neither his resistance to or avoidance of prosecution, nor the state's failure or refusal to prosecute, could add to or take from the force of the law as written."

■ The argument is made on behalf of the State that the Act provides express immunity to those who testify. We find no such immunity in the Act. It merely provides that evidence given in the juvenile court shall be inadmissible in another proceeding. Under the settled law, that is not sufficient. Counselman v.

Hitchcock, 142 U. S. 547, 12 S. Ct. 195, 35 L. Ed. 1110; Ex parte Muncy, 72 Texas Cr. R. 541, 163 S. W. 29; Ex parte Copeland, 91 Texas Cr. R. 549, 240 S. W. 314.

■ In keeping with the general rule that a witness cannot be compelled to give testimony against himself in a criminal case, it has been held that a witness cannot be compelled to give evidence that will tend either directly or indirectly to incriminate himself, either in a civil case or in a criminal case. Fleishman v. State et al (Texas Civ. App.), 91 S. W. (2d) 493; Sovereign Camp W. O. W. v. Bailey (Texas Civ. App.), 234 S. W. 412 (error refused) ; 44 Tex. Jur., p. 964, sec. 21.

A good illustration of the result that would be accomplished under the construction contended for by the State is made by the case of McLaren v. State, supra. That case holds that when a case is reversed on appeal and remanded for a new trial at a time when the defendant is above the upper age limit, the trial must be as for crime, even though the crime was committed at a time when the defendant would have had the right to be proceeded against under the statutes relating to juvenile delinquents. But if the theory of complete immunity from criminal prosecution were adopted, a person whose case was identical on the facts with the McLaren case would escape any consequences of his act. See the recent case of Hardie v. State, supra. This result would follow because the juvenile court has jurisdiction only over delinquent children, and that term is defined in Section 3 of the Act so as to exclude males over seventeen years of age and females over eighteen years. In our judgment a reading of the Act will not justify the holding that the Legislature intended any such result. Unless this Act extends absolute immunity to those who are forced to give testimony thereunder in any court other than a juvenile court, the Constitution protects the minors from being compelled to testify against themselves.

It is contended that the provision of Section 13 which states that no child "shall be charged with or convicted of a crime in any court" repeals the articles of the Penal Code relating to offenses committed by minors. This presents a very serious question. If a minor under this act cannot be convicted of any crime, then it is possible for him to testify in any case in the face of the provisions of Section 5 of Article I of the Constitution, which provides that "all oaths * * shall be taken subject to the pains and penalties of perjury"? Article 30 of the Penal Code reads:

"No person shall be convicted of any offense committed before he was nine years old except perjury, and for that only when it shall appear by proof that he had sufficient discretion to understand the nature and obligation of an oath; nor of any other offense committed between the age of nine and thirteen, unless it shall appear by proof that he had discretion sufficient to understand the nature and illegality of the act constituting the offense."

■ Former Article 34 of the Penal Code of 1895 provided that no person could be convicted of an offense committed before he was of the age of nine years, and it was held that children under that age were not competent witnesses, in view of Section 5 of Article I of the Constitution, requiring oaths to be taken subject to the pains and penalties of perjury. Freasier v. State, 84 S. W. 360. As a result of that decision the statute was amended so as to except perjury from its operation (see Penal Code 1925, Article 30), thereby authorizing children under the age of nine years to testify. See 44 Tex. Jur., p. 1004, sec. 55, and cases cited in foot notes, and 12 Tex. Jur., p. 272, sec. 44. Furthermore, Section 10 of Article I of the Constitution provides that "no person shall be held to answer for a criminal offense unless on an indictment of a grand jury, except in cases where the punishment is by fine or imprisonment, otherwise than in the penitentiary, * * *." If a person can be prosecuted for a felony after he gets beyond the age limit prescribed in this Act, then such prosecution must be under an indictment of a grand jury.

If this Court were to say that the trial court had the right to compel these children to testify, then it would have to hold that this Act itself extends immunity from future prosecution to them. In effect, that decision would be a holding that the entire Penal Code has been repealed by implication, in so far as it deals with acts committed by persons within the statutory age limits. In the absence of a clear manifestation of the legislative intent to reach that result, and in the face of expressed intent to the contrary in Section 12, this Court will not so hold, regardless of the social desirability of obtaining testimony from delinquent children themselves.

It will here be noted that Section 5 of this Act provides: "The juvenile court shall have exclusive original jurisdiction in proceedings governing any delinquent child, * *," and that, "When jurisdiction shall have been obtained by the court in the case of any child, such child shall continue under the jurisdiction of the court until he becomes twenty-one (21) years of

age, unless discharged prior thereto; * *." As already pointed out by us, under the decisions of the Court of Criminal Appeals one who commits a criminal offense while a juvenile can be tried and punished therefor provided the trial takes place after the juvenile has reached the age of 18 years if a female, and 17 years if a male. Whether this law prevents the criminal trial from being had until the juvenile has reached the age of 21 years is a matter we leave to the decision of the Court of Criminal Appeals, the court of last resort in criminal cases in this State. We content ourselves with saying that when the criminal trial may take place makes no difference as regards the principles of law we have announced with reference to the right to compel the juvenile to testify against himself.

No opinion is expressed as to the effectiveness of a tender of immunity by the prosecuting attorney with the approval of the court, since that question is not before this Court. See 44 Tex. Jur., pp. 976, 977, and authorities cited.

Many other States have passed similar legislation dealing with minors. There is a division of opinion among the courts in construing such legislation, and we cite some of the opinions, pro and con, as follows: Ex parte Mei, 192 A. 80, 110 A. L. R. 1080, and annotations; People of the State of New York v. Lewis, 260 N. Y. 171, 183 N. E. 353, 86 A. L. R. 1001, and annotations; Commonwealth v. Fisher, 213 Pa. 48, 62 A. 198, 5 Ann. Cas. 92; Cinque v. Boyd, 99 Conn. 70, 121 A. 678; State v. Elbert, 115 Conn. 589, 162 A. 769; People v. Fitzgerald, 244 N. Y. 307, 155 N. E. 584; Hampton v. State, 167 Ala. 73, 52 So. 659; Ex parte Januszewski (C. C. A.), 196 F. 123; Lindsay v. Lindsay, 257 Ill. 328, 100 N. E. 892, 45 L. R. A. (N. S.) 908; Ann. Cas. 1914A, 1222; Ex parte Daedler, 194 Cal. 320, 228 Pac. 467; Marlow v. Commonwealth, 142 Ky. 106, 133 S. W. 1137; Re Sharp, 15 Idaho 120, 96 Pac. 563, 18 L. R. A. (N. S.) 886; Mill v. Brown, 31 Utah 473, 88 Pac. 609, 120 Am. St. R. 935; Bryant v. Brown, 151 Miss. 398, 118 So. 184, 60 A. L. R. 1325; Wissenberg v. Bradley, 209 Iowa 813, 229 N. W. 205, 67 A. L. R. 1075; 31 Amer. Jur. 786, and cases cited; 1 Wharton, Crim. Law (11th Ed.), sec. 370, note 2.

To come under the provisions of this Act, a reasonable and definite charge must be filed against the minor. The minor is entitled to have his rights fully safeguarded, and to have adequte process for his witnesses. If the objects of the Act are to be accomplished, the proceedings thereunder must necessarily be civil in nature, and while in some respects the orders or the

judgment of the court may have the characteristics of a judgment in a criminal case, the customary rules of evidence in civil cases, developed through long experience as essential in arriving at the truth with reasonable certainty, must be followed. The Act confers on the trial court certain powers to carry into effect its judgment. This, too, is absolutely essential if the law is to accomplish the purposes for which it was enacted. By the enactment of this law the Legislature was earnestly endeavoring to pass a law which would be for the benefit of the minor, and possibly save him from a career of crime and enable him to become a worthy citizen. And while safeguarding the rights of the minor, the Legislature was trying to protect the public as well.

Section 23 of the Act provides: "If any section, sub-division or clause, of this Act shall be held to be unconstitutional or invalid, such decision shall not affect the validity of the remaining portions of the Act."

We find no constitutional provision which prohibited the Legislature from passing this Act, and unless some provision of the Constitution is pointed out clearly condemning the Act, it is the duty of courts to sustain it. 39 Tex. Jur., p. 251, sec. 133, and 9 Tex. Jur., p. 475, sec. 58. It is true that this law is a radical departure from the laws heretofore existing which it seeks to repeal, and we are not unmindful of the serious objections presented against the validity of this law. That the law is valid by the narrowest of margins will not justify courts to strike it down. Many cases could be cited which uphold the constitutionality of laws by a narrow margin. This Court has repeatedly declared that a legislative enactment will not be held unconstitutional unless it is absolutely necessary to so hold, and in the case of Smith v. Patterson, 111 Texas 535, 242 S. W. 749, this Court quoted with approval the rule laid down by Mr. Justice Ramsey in Solon v. State, 54 Texas Cr. R. 261, 114 S. W. 349, as follows: "The rule is universal that the courts will not declare an act of the Legislature unconstitutional unless such infirmity and vice clearly appears. Indeed this rule is necessary, and evidences that respectful regard in which the judicial should hold the legislative department of our government." See also Koy v. Schneider, 110 Texas 369, 218 S. W. 479, 221 S. W. 880; Cooley on Const. Lim. (8th Ed.), pp. 371, 372.

We hold that the Act under consideration is valid; and the Court of Civil Appeals was correct in so holding, and in holding that it was error for the trial court to compel the minors to testify against themselves.

The judgment of the Court of Civil Appeals, reversing the judgment of the trial court, is affirmed, and this cause is remanded to the trial court for further proceedings consistent with this opinion.

Opinion delivered March 29, 1944.

Rehearing overruled April 26, 1944.