

# THE ATTORNEY GENERAL
# OF TEXAS
### AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

FAGAN DICKSON
FIRST ASSISTANT

April 15, 1948

Hon. A. C. Winborn,
District Attorney,
Houston, Texas

Attention:  Hon. W. K. Richardson

Opinion No. V-546

Re:  Clerk who should
serve as Clerk of
the Juvenile Court

Dear Sir:

We refer to your letter of March 23, 1948, in
which you submit the following:

"QUESTION NO. 1:  Could the District Clerk
serve as clerk of the Juvenile Court when
the County Judge was sitting as judge of
the Juvenile Court?"

"QUESTION NO. 2:  Are there any restrictions
in the Statutes prescribing the duties of
the District Clerk of Harris County, Texas,
which would bar him from serving as the
clerk of the Juvenile Court when said Court
is presided over by a District Judge?"

"QUESTION NO. 3:  If the District Clerk is
Clerk of the Juvenile Court when it is pre-
sided over by a District Judge shall the
same statutory requirements regarding the
specific records, dockets, minutes, et cet-
era apply as in other civil matters handled
by the District Clerk's Office?"

Section 4 of Article 2338-1 reads:

"Establishment of Juvenile Courts.
There is hereby established as follows, in
each county of the state, a court of record
to be known as the Juvenile Court, having

such jurisdiction as may be necessary to carry out the provisions of this Act.

"In counties having juvenile boards, such boards may designate the County Court or one or more of the District Courts or Criminal District Courts to be the Juvenile Court or Courts for such county, and such designation may be changed from time to time by such juvenile boards. In all other counties the District Court or the County Court shall be the Juvenile Court as agreed between the judges of such respective courts, but until such time such County Court and District Court shall have concurrent jurisdiction in cases of children coming within the terms of this Act.

"Said Criminal District Courts and the judges thereof shall have the same jurisdiction, powers, authority and duties as is now or may be conferred upon District Courts in regard to such children.

"It is provided, however, that the jurisdiction, powers and duties thus conferred and imposed upon the established courts hereunder are superadded jurisdictions, powers and duties, it being the intention of the Legislature not to create hereby another office. Appeals from judgments of such Criminal District Courts shall be taken to the proper Court of Civil Appeals. As amended Acts 1945, 49th Leg., p. 52, c. 35, § 1."

The jurisdiction, powers, and duties of existing courts are enlarged; but, no new or different court is created by the law, so that clerks of the respective courts continue to function in the enlarged jurisdiction.

The Juvenile Court Act was held valid by the Supreme Court of Texas in Dendy v. Wilson, 142 Tex. 460, 179 S.W. (2d) 269, 151 A.L.R. 1217.

The Clerk of the District Court may not serve as clerk of a Juvenile Court when a County Judge sits as such court. There is no statutory restriction on the

duty of the District Clerk of Harris County to serve as clerk of the Juvenile Court when such court is presided over by a District Judge.  The same statutory requirements regarding records, dockets, and minutes apply to such duties as in other civil matters in such courts. The law contemplates that clerks of the district and county courts, respectively, should serve as clerks of such respective courts in their enlarged jurisdiction to the same extent as is required of them in other proceedings of such courts.

## SUMMARY

Clerks of the District Courts should serve as clerks of district courts sitting as Juvenile Courts; clerks of County Courts should serve as clerks of county courts sitting as Juvenile Courts.  The same statutory duties are required of such clerks in Juvenile Court proceedings as in other civil cases regarding the keeping of records, dockets, minutes, and the like.  Art. 2338-1, Sec. 4. V.C.S.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By W. T. Williams
Assistant

WTW:wb
Encls.

APPROVED:

FIRST ASSISTANT
ATTORNEY GENERAL