

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

October 18, 1951

Hon. Austin Guest
County Attorney
Clarksville, Texas

Dear Mr. Guest:

Opinion No. V-1328

Re: Legality of enforcing
pecuniary fines against
minors for violation of
Uniform Traffic Code.

Your request for an opinion reads in part:

"1. Is a minor under the age of 17 years,
who, while operating a motor vehicle with a
valid driver's license, violates a provision
of the Uniform Traffic Act as set forth in Ar-
ticle 6701d, Vernon's Civil Statutes, and not
coming within provision of H.B. 581, Chapter
436 of the Acts of the 52nd Legislature effec-
tive June 15, 1951, subject to being found
guilty and fined for such violation in view
of Article 2338-1, V.C.S., relating to juve-
niles and disposition of charges brought
against them?

"2. If the above question is answered in
the affirmative, how may such fine be enforced
against the minor in the event he refuses to pay
the same together with costs after being found
guilty by a court of competent jurisdiction?

"3. If question number one is answered in
the negative, then how may the judgment of the
court be enforced upon a minor being found guilty
of the charge brought against him under H.B. 581,
Acts of the 52nd Legislature, upon his being un-
able, or refusal, to pay the fine and costs ad-
judged against him?"

Article 2338-1, V.C.S., in making elaborate and
drastic changes in the nature of proceedings for the care,
custody, correction, and education of male juveniles under
17 years old and female juveniles under 18 years old who
violate the criminal laws, provides in Section 13 that no
child shall "be charged with or convicted of a crime in any

court." The purpose of that Article being to substitute entirely new proceedings in the nature of civil proceedings, to discontinue the handling of children as criminals, and to make provision for a special court and for special handling of child offenders against the laws, we are of the opinion that the procedure for trial and punishment for crimes as provided for in any criminal statute is inapplicable to juveniles below the ages stated. Dendy v. Wilson, 142 Tex. 460, 179 S.W.2d 269 (1944).

The only possible exceptions are such as are dictated by constitutional considerations or by a clear intent to the contrary expressed in subsequent legislation. For example, in Santillian v. State, 182 S.W.2d 812 (Tex. Crim. 1944), the court held that to give effect to Article 2338-1 as exempting children from criminal prosecution for perjury would have the effect of disqualifying children as witnesses under Section 5 of Article I of the Constitution of Texas, which would deprive them and others of due process of law and would discriminate against them in violation of other constitutional provisions. However, the effect of the holding in that opinion, as we construe it, is to exclude only the crime of perjury from the general prohibition of Section 13 of Article 2338-1 against prosecuting children for crime. And in Attorney General's Opinion V-1283 (1951) it was concluded that children 14 through 16 years old could be prosecuted and fined under the provisions of House Bill 581, Acts 52nd Leg., R.S.1951, ch. 436, p. 786, codified as Article 802d, V.P.C., but only because of the clear intent of the Legislature to prosecute and punish children for the specific crimes there enumerated.

Your request suggests no constitutional objection to exempting children from the penalties provided for violations of Article 6701d, V.C.S. Nor is the fact that such a child holds a valid driver's license pertinent to the question. Article 2338-1 makes no exception in that regard and we have found no other statute to that effect.

In answer to your first question, you are therefore advised that a minor under the age of 17 years is not subject to being found guilty in a criminal proceeding and fined for violations of Article 6701d, the Uniform Act Regulating Traffic on Highways.

Your second question is predicated on an affirmative answer to your first question and requires no answer.

As to your third question, we concluded in Opinion V-1283, supra, that "the offenses described in House Bill 581 are to be handled as criminal matters" and in those courts having jurisdiction of criminal cases punishable by fine only of $50.00 or less. It follows that provisions for incarceration of convicted persons in lieu of payment of the fine are also applicable. In this connection, however, the provisions of Article 2338-1, Section 17, requiring segregation of juveniles from adults within a jail or lock-up, not being inconsistent with the provisions of law requiring such incarceration in lieu of payment of the fine, are applicable.

## SUMMARY

Statutory provisions for criminal prosecution and assessment of fines against persons violating Article 6701d, V.C.S., known as the Uniform Act Regulating Traffic on Highways, are not applicable to males under 17 years old and females under 18 years old. Article 2338-1 V.C.S.

Juveniles prosecuted and fined under House Bill 581, Acts 52nd Leg., R.S. 1951, codified as Article 802d, V.P.C., may be incarcerated in jail in lieu of payment of the fines assessed, but must be there segregated from adults, as required by Section 17, Article 2338-1, V.C.S.

APPROVED:

Everett Hutchinson
Executive Assistant

Charles D. Mathews
First Assistant

NMc/rt

Yours very truly,

PRICE DANIEL
Attorney General

By _____
Ned McDaniel
Assistant