

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

JOHN BEN SHEPPERD
ATTORNEY GENERAL

November 9, 1953

Hon. William H. Scott
District Attorney
Criminal Courts Bldg.
Houston 2, Texas

Opinion No. S-112

Re: 1. Authority of a county
detention home to continue
as custodian of dependent
and neglected children af-
ter such children reach the
age of sixteen years.
2. Authority of one other
than the District Attorney
of Harris County to sign and
file a petition to have a
child declared a delinquent
child.

Dear Mr. Scott:

You have requested our opinion in regard to cer-
tain matters concerning dependent, neglected and delinquent
children. Your first question is in substance as follows:

Does a county detention home which has
been appointed custodian by a court of com-
petent jurisdiction have the right to retain
custody of a dependent and neglected child
after such child reaches the age of sixteen
years?

Article 2330, Vernon's Civil Statutes, provides
in part:

"The term 'dependent child' or 'neglected
child' includes any child under sixteen years
of age who is dependent upon the public for
support or who is destitute, homeless or
abandoned' . . ."

Article 2335, V.C.S., provides:

"Upon the hearing of such case, if the
child shall be found to be a dependent or

> neglected child, as defined herein, it
> shall be adjudged a 'dependent child';
> and an order may be entered making dis-
> position of such child as to the court
> seems best for its moral and physical wel-
> fare. It may be turned over to the care
> and custody of any suitable person or any
> suitable institution in the county or state
> organized for the purpose of caring for 'de-
> pendent children,' and which is able and
> willing to care for same. And when such
> child is so turned over to the custody of
> such person or institution, such person or
> institution shall have the right to the custo-
> dy of said child, and shall be at all times
> responsible for its education and maintenance,
> subject at all times to the order of the court."

Article 2336, V.C.S., provides that upon such ad-
judication and award "the child, unless otherwise ordered,
shall become a ward and be subject to the guardianship of
the institution or individual to whose care it is com-
mitted," and further provides that the court may for the
best interest of the child change its guardianship from
time to time.

It will be noted that a dependent and neglected
child is in no way restrained for the purpose of the in-
fliction of punishment for any wrong committed. Upon the
adjudication the child becomes the ward of the State,
and the State occupies the position of _parens patriae_
toward such child.

The statutes above referred to provide that the
child once adjudged a dependent and neglected child be-
comes a ward of the court and the court may turn its cus-
tody over to any suitable person or institution, and such
person or institution shall "have the right to the _custody_
of said child . . . subject at all times to the order of
the court." The court further has the right to change the
guardianship of the child from time to time and may make
such orders in relation thereto as in its discretion may
be for the best interest of such child, including a dis-
charge from custody.

Therefore, a county home which has been given
custodial care and control over such child retains such
custody, subject to the further orders of the court, until

terminated or altered by the court or until such child reaches the age of twenty-one.

Your second question is in effect as follows: Is the District Attorney of Harris County the only person or official who may sign and file a petition in such county to have a child declared a delinquent child?

Chapter 315, Acts of the 53rd Legislature, 1953, created the constitutional office of District Attorney for Harris County. Such Act makes it the primary duty of the District Attorney to represent the State of Texas in criminal cases pending in the district and inferior courts of Harris County.

Chapter 316 created the constitutional office of County Attorney of Harris County. It provides that it shall be the primary duty of the County Attorney to represent the State of Texas, Harris County and the officials of such county in all civil matters in Harris County and elsewhere.

Chapter 325, in creating the Court of Domestic Relations for Harris County, provides that the District Attorney of Harris County shall prosecute or defend all cases involving children alleged to be dependent, neglected or delinquent, or in which the Probation Officer, Child Welfare Board, County Welfare Office, County Health Officer or any other welfare agency is interested.

A proceeding in delinquency is a civil, not a criminal proceeding. <u>Dendy v. Wilson</u>, 142 Tex. 464, 179 S.W.2d 269 (1944). Section 7 of Article 2338-1 outlines the procedure to be followed in the institution of proceedings against a delinquent child. It reads in part:

> "If either the Judge or the County Attorney shall determine that formal jurisdiction should be acquired, the County Attorney may prepare and file in the Court, or <u>any attorney may prepare and file in the court</u>, <u>a petition</u> alleging briefly the facts which bring said child within the provisions of this Act. . . ."

The proceeding is not a prosecution in the name of the State. See Constitution of Texas, Article V, Sec. 12. The only issue to be determined at the trial is whether the juvenile is a delinquent child within the meaning of Article 2338-1. It is not to convict and punish a child for the commission of a crime. Dendy v. Wilson, supra. The proceeding is begun by the filing of a petition, not by complaint, information or indictment.

Chapter 325 makes it the duty of the District Attorney to represent the interest of the State in all cases involving dependent, neglected or delinquent children whenever any of the named officers are interested in the case and to prosecute all criminal cases in said Domestic Relations Court. The right to prepare and file in the court petitions alleging a child to be delinquent is not exclusive with the District Attorney.

## SUMMARY

A person or institution given custodial care and control over a dependent and neglected child retains such custody, subject to the orders of the court, until terminated or altered by the court or until such child reaches the age of twenty-one.

The District Attorney of Harris County does not have the exclusive right or authority to file petitions alleging a child to be a delinquent child. Art. 2338-1, V.C.S.

Yours very truly,

JOHN BEN SHEPPERD
Attorney General

APPROVED:

J. C. Davis, Jr.
County Affairs Division

By Eugene Brady
Eugene Brady
Assistant

Willis E. Gresham
Reviewer

Robert S. Trotti
First Assistant

John Ben Shepperd
Attorney General

EB:bt