

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

November 18, 1959

Honorable R. L. Lattimore
Criminal District Attorney
Hidalgo County
Edinburg, Texas

Opinion No. WW-733

Re: Length of time which a
police officer may hold a
child in custody or in
jail before taking said
child before a juvenile
Judge under the provisions
of Sec. 11, Art. 2338-1,
V.C.S.

Dear Mr. Lattimore:

This office is in receipt of your recent letter in which you have stated in part as follows:

"We would like to have the opinion of your office as to the length of time which a police officer may hold a child in custody or in jail before taking said child before a juvenile judge, under the following provisions of Section 11, Article 2338-1 R.C.S.

"Any peace officer or probation officer shall have the right to take into custody any child who is found violating any law or ordinance or who is reasonably believed to be a fugitive from his parents or from justice, or whose surroundings are such as to endanger his health, welfare, or morals The child shall forthwith be brought to the judge, who shall order the child's release, or his temporary detention either in the compartment provided for the custody of juveniles, or by a suitable person or agency as in the judgment of the court may seem proper."

"Specifically, we wish to know if, in your opinion, a police officer would be authorized to take into custody a child found violating the law during the night and hold said child in custody in a local jail until the following morning when a judge is available, and then take such child before such judge."

The immediate question for consideration is the meaning the Legislature intended to attach to the word "forthwith" - a question not a rarity

in the Law. The absence of decisions interpretating "forthwith" as used in the Juvenile Act dictates that we look elsewhere for an authoritative definition of the word.

This logically leads to an examination of the decisions construing the statute pertaining to adult arrest - it being analogous to the one presently under consideration, even though we are cognizant of the fact that the Juvenile Act is designed to alter the policy of the State with respect to the nature of the proceedings in child delinquency cases to something different than the policy concerning adults. See In Re Dendy, 175 S.W.2d 297 (Civ. App.), affirmed in 142 Tex. 460, 179 S W.2d 269. Article 233, V.C.C P., provides, with respect to adults, as follows:

> "The officer, or person executing a warrant of arrest, shall take the person whom he is directed to arrest forthwith before the magistrate who issues the warrant, or before the magistrate named in the warrant".

One of the principle cases interpreting the word "forthwith" as used in that statute is Gilbert v. State, 284 S.W.2d 906, wherein the Court of Criminal Appeals held that the term was not synonymous with "immediately" or "instantaneously", but that it only prohibits an unreasonable delay and that it was not unreasonable to detain a person overnight, in jail, where such person is arrested during hours when magistrates are not to be found in their office, i.e. at night. The Court takes judicial notice of the fact that magistrates do not keep their offices open at night.

If the law were otherwise, the efforts of peace officers in attempting to maintain the peace at night would be thwarted unless they aroused a magistrate. This would be particularly true in cases involving juveniles, for they must be brought before the Judge of the Juvenile Court (as has been held by this office in Attorney General Opinion No. O-7227) and there being only one such Judge in each county, the problems of peace officers would be complicated to a degree of impracticability if not impossibility. There is no evidence of a Legislative intent that peace officers must seek out and arouse the Juvenile Judge in late hours of the night in order to present juvenile offenders whom they have just apprehended. Neither is such a procedure necessary to fulfill and comply with the Legislative intent in promulgating the policy of the State in dealing with juveniles by the enactment of the Juvenile Act.

Although juveniles may not be punished for their misdeeds by incarceration, this office has held that juveniles may be taken to jail pending their making bond in those instances where certain traffic regulations enumerated in Article 802e, V.P.C., have been violated. See Attorney General Opinion WW-547. If juveniles may be held in jail in those instances, it follows that the detention of juveniles overnight under either the pro-

Honorable R. L. Lattimore, Page 3. (WW-733)

visions of Article 802e, V.P C., or Article 2338-1, V.C.S., would not be contra to any Legislative intent.

It is, therefore, the opinion of this office that the term "forthwith" as used in Article 2338-1, V.C.S., does not preclude the overnight detention of juveniles in the proper place pending their being brought before the Juvenile Judge, where they are arrested after the hours that such Judge is no longer to be found in his office.

SUMMARY

Juvenile offenders who are arrested after the hours that the Juvenile Judge is to be found in his office, may be detained in the proper place pending the return of such Judge to his office the next morning and their appearance before him at that time.

Yours very truly,

WILL WILSON
Attorney General of Texas

By:
John L. Estes
Assistant Attorney General

JLE:aw

APPROVED:

OPINION COMMITTEE:

Riley Eugene Fletcher, Chairman

Marvin Brown
Charles D. Cabaniss
Iola Wilcox
Robert Walls

REVIEWED FOR THE ATTORNEY GENERAL
BY:
W. V. Geppert