

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

February 12, 1960

Mr. William E. Carroll
District Attorney
P. O. Box 5938
Jasper, Texas

Opinion No. WW-798

Re: Whether the County Court
of Sabine County has the
jurisdiction to sit as the
Juvenile Court of Sabine
County in view of the pro-
visions of Senate Bill 19,
Acts of the 56th Legisla-
ture, Second Called Session,
1959, Chapter 6, page 90,
Article 1970-310, V.C.S.

Dear Mr. Carroll:

You have asked this office for an opinion on the
following question:

". . . whether or not the County
Court of Sabine County, Texas still has
jurisdiction to sit as the Juvenile Court
of Sabine County, Texas in view of the
56th Legislature's having transferred
all civil jurisdiction of the County
Court of Sabine County, with the excep-
tion of probate jurisdiction, to the
District Court of Sabine County. . . ."

Senate Bill 19, Acts of the 56th Legislature, Second
Called Session, 1959, Chapter 6, page 90 (codified as Article
1970-310, Vernon's Civil Statutes), provides in part as fol-
lows:

"Section 1. The county courts of
the Counties of Sabine and San Augustine
shall retain and continue to have and
exercise the general criminal jurisdic-
tion, both original and appellate, and
the general jurisdiction of probate
courts, and all jurisdiction other than
in civil matters, including eminent do-
main jurisdiction of which is here con-
ferred on the district court for said

counties, now or hereinafter conferred
upon such county courts by the Constitu-
tion and laws of the state, and shall
retain all jurisdiction and power to
issue writs necessary to the enforcement
of their jurisdiction, and to punish con-
tempt; but said county courts shall have
no civil jurisdiction, except as to final
judgments referred to in Section 2 hereof.

"Sec. 2. The district court of the
First Judicial District having jurisdiction
in said Counties of Sabine and San Augustine
shall have and exercise jurisdiction in mat-
ters of eminent domain and in all other mat-
ters and cases of a civil nature whether the
same be of original jurisdiction or of appel-
late jurisdiction, over which, by the General
Laws of the State of Texas now existing and
hereinafter enacted, the county courts of
said counties would have had jurisdiction,
and all pending civil cases shall be and the
same are hereby transferred to the First
Judicial District Court, and all writs and
processes heretofore issued by or out of
said county courts in said civil cases shall
be and the same are hereby made returnable
to the next term of the district court, in
and for said counties. . . ."

We thus have the question of whether a Juvenile
Court is a court of criminal or civil jurisdiction.

Section 13 of Article 2338-1, Vernon's Civil
Statutes, reads in part as follows:

". . .

"No adjudication upon the status of
any child in the jurisdiction of the court
shall operate to impose any of the civil
disabilities ordinarily imposed by convic-
tion, nor shall any child be deemed a
criminal by reason of such adjudication,
nor shall such adjudication be deemed a
conviction, nor shall any child be charged

> with or convicted of a crime in any
> court. The disposition of a child
> or any evidence given in the court
> shall not be admissible as evidence
> against the child in any case or pro-
> ceeding in any other court other than
> another Juvenile Court, nor shall such
> disposition or evidence operate to dis-
> qualify a child in any future civil
> service examination, appointment or
> application."

It is noted that the purpose clause found in Chapter 204 of the 48th Legislature at page 313, states the intention of the Legislature at the time the provisions of Article 2338-1, Vernon's Civil Statutes, were enacted, when they stated:

> "An Act the purpose of which is to
> change the method for handling delinquent
> children from the present criminal proced-
> ure to guardianship in order to secure for
> each child coming within the Act such care,
> guidance and control as will serve the child's
> welfare and the best interest of the state;
> . . ." (Emphasis added).

The Court in Lazaros v. State, 228 S.W.2d 972 (Tex.Civ.App. 1950) held that proceedings declaring a child to be delinquent is a civil and not a criminal proceeding, and cited the Supreme Court case of Dendy v. Wilson, 142 Tex. 460, 179 S.W.2d 269 (1944).

Section 4 of Article 2338-1, Vernon's Civil Statutes, provides in part as follows:

> "There is hereby established as fol-
> lows in each county of the State a court
> of record to be known as the juvenile court,
> having such jurisdictions as may be neces-
> sary to carry out the provisions of this
> Act.
>
> "In all counties having only one (1)
> district court and having a juvenile board,
> such board shall designate the county court
> or the district court to be the juvenile

court for such county, and in all other
counties having only (1) district court,
but no juvenile board, the county judge
and the district judge of such county
shall designate the county or district
court of such county as the juvenile
court. . . ."

It is our opinion that since all civil jurisdiction
has been transferred from the County Court to your District
Court, with some exceptions, and since juvenile cases are
civil proceedings, it is our opinion that juvenile jurisdiction was transferred to the District Court and that the Judge
of the District Court is now Juvenile Judge in the several
counties of your district.

Our opinion is consistent with Attorney General's
Opinion WW-785 (1960), a copy of which is enclosed.

## SUMMARY

The County Judge of Sabine County no
longer has jurisdiction to sit as
the Juvenile Judge of Sabine County
in view of the provisions of Senate
Bill 19, Acts of the 56th Legislature,
Second Called Session, 1959, Chapter
6, page 90 (codified as Article 1970-
310, Vernon's Civil Statutes).

Yours very truly,

WILL WILSON
Attorney General of Texas

By Leon F. Pesek

LFP:mfh

Leon F. Pesek
Assistant

APPROVED:
OPINION COMMITTEE
W. V. Geppert, Chairman
W. Ray Scruggs
B. H. Timmins, Jr.
Linward Shivers
Martin DeStefano
REVIEWED FOR THE ATTORNEY GENERAL
BY: Leonard Passmore