

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

October 19, 1962

Mr. R. L. Templeton
County Attorney
Collingsworth County
Wellington, Texas

Dear Mr. Templeton:

Opinion No. WW-1455

Re: Whether a juvenile sixteen
years of age can be tried
in county court for the
offense of negligent homi-
cide in the second degree.

You have requested that this office write an opinion on the following question:

"Whether a juvenile sixteen years of age can be tried in county court for negligent homicide in the second degree?"

Negligent homicide is defined in Article 1230, Vernon's Penal Code. Article 1242, Vernon's Penal Code, sets out the punishment for homicide in the second degree where the homicide is committed during the commission of a misdemeanor, as is the case here, as follows:

"When the unlawful act attempted or executed is known as a misdemeanor, the punishment of negligent homicide committed in the execution of such unlawful act shall be imprisonment in jail not exceeding three years, or by fine not exceeding three thousand dollars." (Emphasis added)

Article 2338-1, Vernon's Civil Statutes, provides in part as follows:

"Sec. 3. The word 'court' means the 'Juvenile Court'. The word 'Judge' means the judge of the Juvenile Court. The term 'delinquent child' means any female person over the age of ten (10) years and under the age of eighteen (18) years and any male person over the age of ten (10) years and under the age of seventeen (17) years:

(a) who violates any penal law of this state of the grade of felony;

(b)  or who violates any penal law of this state of the grade of misdemeanor where the punishment prescribed for such offense may be by confinement in jail;" (Emphasis added)

Section 5 of Article 2338-1 provides:

"The Juvenile Court shall have exclusive original jurisdiction in proceedings governing any delinquent child . . ."

"Sec. 12.  If during the pendency of a criminal charge or indictment against any person in any other court than a Juvenile Court, it shall be ascertained that said person is a female over the age of ten (10) years and under the age of eighteen (18) years, or is a male person over the age of ten (10) years and under the age of seventeen (17) years at the time of the trial for the alleged offense, it shall be the duty of such court to transfer such case immediately together with all papers, documents and testimony connected therewith to the Juvenile Court of said county."

The Act further provides in Section 13:

". . .

No adjudication upon the status of any child in the jurisdiction of the court shall operate to impose any of the civil disabilities ordinarily imposed by conviction, nor shall any child be deemed a criminal by reason of such adjudication, nor shall such adjudication be deemed a conviction, nor shall any child be charged with or convicted of a crime in any court." (Emphasis added)

The Supreme Court in Dendy v. Wilson, 179 S.W.2d 269 (Sup. Ct. 1944) construed the provisions of the juvenile act, Article 2338-1, Vernon's Civil Statutes, and held as follows:

"It is quite clear that the Legislature intended by this Act to radically change the law relating to minors.  It specifically states that the Act shall be liberally construed to accomplish

the purposes sought therein. We think from
the language used that the Legislature made
it plain that the juvenile courts are invested
with exclusive original jurisdiction over
children within the age limits prescribed by
the law. In Section 5 we find this language:
'The Juvenile Court shall have exclusive ori-
ginal jurisdiction in proceedings governing
any delinquent child, and such court shall be
deemed in session at all times.' (Italics
ours.) In Section 12 is found the following:
'If during the pendency of a criminal charge
or indictment against any person in any other
court than a Juvenile Court, it shall be as-
certained that said person is a female over
the age of ten (10) years and under the age
of eighteen (18) years, or is a male person
over the age of ten (10) years and under the
age of seventeen (17) years at the time of
the trial for the alleged offense, it shall
be the duty of such court to transfer such
case immediately together with all papers,
documents and testimony connected therewith
to the Juvenile Court of said county.'
(Italics ours.) This section of the Act
makes it the duty of any other court to
transfer such a case to the juvenile court
upon ascertaining that the accused is with-
in the statutory age limits. No discretion
is vested in the other court, as was the
case under an early statute."

It therefore appears that inasmuch as the crime of
negligent homicide of the second degree is a misdemeanor
punishable by imprisonment in jail it comes within the pro-
visions of Article 2338-1 quoted above. The county court
could not under the provisions of Article 2338-1 have any
jurisdiction in the case once it is determined that the child
falls within the age limits set out in that statute. We,
therefore, agree with your opinion that a juvenile male be-
tween the ages of ten (10) and seventeen (17) years and a
juvenile female between the ages of ten (10) and eighteen (18)
years cannot be tried for negligent homicide inasmuch as under
the provisions of Article 2338-1, Vernon's Civil Statutes,
quoted above the juvenile would come within the provisions of
this juvenile act.

You also asked whether a juvenile who kills a school child stepping away from a school bus while passing the school bus unloading children could be tried under the provisions of 827b Law of the Road. This office believes that you are referring to the provisions of 802e, Vernon's Penal Code. This question we feel has been answered by Opinions V-1328, WW-547, WW-1220 and WW-1290 which are attached hereto.

### S U M M A R Y

Male juveniles between the ages of ten and seventeen years and female juveniles between the ages of ten and eighteen years cannot be tried in a county court for negligent homicide in the second degree because of the provisions of Article 2338-1, Vernon's Civil Statutes.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Norman V. Suarez
Norman V. Suarez
Assistant Attorney General

NVS:nss

APPROVED:
OPINION COMMITTEE:
W. V. Geppert, Chairman
H. Grady Chandler
Ben M. Harrison
Scranton Jones
Marvin F. Sentell

REVIEWED FOR THE ATTORNEY GENERAL:
BY: Leonard Passmore