# THE ATTORNEY GENERAL
## OF TEXAS

GROVER SELLERS
XXVIIXXXIXSON



Honorable John H. Winters, Executive Director
State Department of Public Welfare
Austin 3, Texas

Dear Sir:                    Opinion No. O-7227

Re: Unlawful detention of children
prior to filing of petition
under provisions of Juvenile
DElinquency Act (Acts 1943, 48th
Legislature, ch. 204, p. 313;
Art. 2338-1, V. A. C. S.)

We have received your recent request for an opinion
and quote from same as follows:

"We shall appreciate your opinion with refer-
ence to the legality of holding children by the
police for the purpose of investigating law
violations.

"As representatives of the Division of Child
Welfare are asked to give consultive services
to various officials, courts, and key indivi-
duals and groups, this question frequently a-
rises. In some communities, the police have
been known to hold children for as long as
seventy two (72) hours before they are turned
over to the Probation Departments or the courts.
This manner of detaining children is not only
frequently very harmful but helps to contribute
toward the very delinquency the police and the
community as a whole are attempting to prevent.
It also makes it more difficult for the Proba-
tion Department or the Child Welfare Worker
and the Juvenile Courts to help the child with
the very problems which are causing his delin-
quency. We wonder whetheror not it was the
intention of the Legislature to treat children
as such and different from adults all up and
down the line and whether such program of deten-
tion is not contrary to our Texas Statutes.

"More specifically, what was the intention of the

Legislature in its enactment of the Juvenile Court
Law, Senate Bill 44, 48th Legislature, Vernon's An-
notated Civil Statutes, Article 2338-1. You are re-
ferred particularly to Sections 7, 11, 17, and these
as related to the Act as a whole and specifically
to Section 1.

"What is the scope and limitations of the law en-
forcement authorities for detaining children on the
basis of investigation, and at what point must he
legally get the child referred to the Probation De-
partment office or the Juvenile Court?"

We assume the children inquired about are, in the case
of females, those over the age of ten years and under the age
of eighteen years and, in the case of males, those over the
age of ten years and under the age of seventeen years. These
are the ages necessary to bring said children with the pro-
visions of the Juvenile Delinquency Act enacted by the 48th
Legislature in 1943 (Acts 1943, ch. 204, p. 313).

We quote Sections 1, 7, 8, 10, 11, and 17 of said Ju-
venile Delinquency Act (Art. 2338-1, Vernon's Annotated Civil
Statutes) as follows:

"Section 1. The purpose of this Act is to secure
for each child under its jurisdiction such care, guidance,
and control, preferably in his own home, as will serve
the child's welfare and the best interest of the state;
and when such child is removed from his own family, to
secure for him custody, care and discipline as nearly
as possible equivalent to that which should have been
given him by his parents.

"The principle is hereby recognized that children
under the jurisdiction of the court are wards of the
state, subject to the discipline and entitled to the
protection of the state, which may intervene to safe-
guard them from neglect or injury and to enforce the
legal obligations due to them and from them."

"Sec. 7. Any person may, and any peace officer
shall, give to the Judge, County Attorney, or to the
Probation Officer of the county, information in his
possession that a child is within the provisions of
this Act. Thereupon the Judge, the County Attorney
or the Probation Officer shall make or have made,
preliminary inquiry to determine whether the interests
of the public or of the child require that further ac-
tion be taken. If either the Judge or the County Attor-

ney shall determine that formal jurisdiction should be acquired, the County Attorney shall prepare and file in the court, or any attorney may prepare and file in the court, a petition alleging briefly the facts which bring said child within the provisions of this Act, and stating:  (1) the name, age and residence of the child; the names and residences, (2) of his parents, (3) of his legal guardian, if there be one;  (4) of the person or persons having custody or control of the child; and (5) of the nearest known relative, if no parent or guardian can be found.  If any of the facts herein required are not known by the petitioner, the petition shall so state. The proceedings shall be styled 'In the matter of _____, a delinquent child.'"

"Sec. 8. After a petition shall have been filed, and after such further investigation as the Judge may direct, unless the parties hereinabove named shall voluntarily appear, the court shall issue a summons reciting briefly the substance of the petition, and requiring the person or persons who have the custody or control of the child to appear personally and being the child before the court at a time and place stated.  If the person so summoned shall be other than the parent or guardian of the child, then the parent or guardian, or both, shall be notified of the pendency of the case and of the time and place appointed, by personal service before the hearing, if they reside within the jurisdiction of the court, except as hereinabove provided.  Summons may be issued requiring the appearance of any other person whose presence, in the opinion of the Judge, is necessary.

"If it appears that the child is in such condition or surroundings thathis welfare requires that his custody be immediately assumed by the court, the Judge may cause to be endorsed upon the summons an order that the officer serving the same shall at once take the child into custody."

"Sec. 10.  If any person summoned as herein provided shall, without reasonable cause, fail to appear, he may be proceeded against for contempt of  court.  In case the summons cannot be served, or the parties served fail to obey the same, or in any case when it shall be made to appear to the Judge that the servicing will be ineffectual, or the welfare of the child requires that he shall be brought forthwith into the custody of the court, a warrant may be issued against the child himself."

"Sec. 11.  Whenever any officer takes a child into

custody, he may release said child to a parent, guardian, or any other person upon receipt of a written or oral promise of said person to assume complete responsibility for said child and to have him before the probation officer or the court at any time then, or subsequently, specified by said officer. If not so released, such child shall be placed in the custody of a probation officer or other person designated by the court or be taken immediately to the probation department, the court, or to the place of detention designated by the court. The court may make a general order designating such places of detention which may include private foster or boarding homes for children, or such other places of detention which to the court seem desirable. The County Commissioners Court may pay for boarding or foster home care for such children to be detained, or all children coming within the meaning of this Act whether prior to, or after the child has been adjudged a 'delinquent child.'

"Any peace officer or probation officer shall have the right to take into custody any child who is found violating any law or ordinance, or who is reasonably believed to be a fugitive from his parents or from justice, or whose surroundings are such as to endanger his health, welfare, or morals. The child shall forthwith be brought to the Judge, who shall order the child's release, or his temporary detention either in the compartment provided for the custody of juveniles, or by a suitable person or agency as in the judgment of the court may seem proper. If the child is ordered detained, the petition provided for herein shall be filed immediately. In every such case the said officer shall refer all such cases, together with information they have secured concerning the child, to the court or the probation department, and the case shall then be proceeded with as specified in this Act, provided that no child shall be taken before a Police Court or a Justice of Peace Court." (Underscoring added)

"Sec. 17. No female person over the age of ten (10) years and under the age of eithteen (18) years, or any male person over the age of ten (10) years and under the age of seventeen (17) years, shall be placed or committed to any compartment of any jail or lock-up in which persons over juvenile age are incarcerated or detained; but shall be placed in a room or ward separate and apart from that occupied by adults. The proper authorities of all counties shall provide suitable place of detention for such juveniles separate and apart from any jail or lock-up in which adults are confined. Said detention

place may be in the same building housing adults, or in a building separate and apart from that where adults are confined."

It will be noted that said Sec. 7, supra, provides for an inquiry or investigation to determine whether formal jurisdiction should be acquired over a child reported to be within the provisions of said Act. Said Sec. 7 further provides for a petition to be filed in the Juvenile Court in case it is determined that such formal jurisdiction should be acquired over such child. Sec. 8, supra, provides for a summons to issue on said petition requiring those in custody or control of said child to appear personally and bring the child before the court. Sec. 11, supra, provides that any peace officer or probation officer shall have the right to take in custody any child who is reasonably believed to be delinquent under the terms of the Act, but further provides that the child shall be brought forthwith to the Judge for release or detention, as provided by said Act. Nowhere in said Act can it be found where the law contemplates the restraint of a child by any officer for any period of time longer than that period of time actually necessary for such officer to conduct such child <u>forthwith</u> to the Judge of the Juvenile Court. Even our criminal laws regarding the arrest of adult offenders provide for the producing of said offenders before a magistrate upon arrest. It was said in the case of In re Dendy, Civ. App., 175 S. W. (2d) 297, affirmed by Sup. Ct., 142 Tex. 460, 179 S. W. (2d) 269, that "the purpose of the Juvenile Court Act is to change the whole policy of the state with respect to the nature of the proceedings in child delinquencies, and the express solicitude for children cannot be overlooked without violating the fundamental principles of statutory construction." Surely, we cannot assume that said Act was intended to allow a more harsh procedure in the arrest and preliminary detention of children than our criminal statutes provide in cases of adult lawbreakers.

Therefore, it is our opinion that if an officer takes such child into his custody prior to the filing of the petition provided in said Sec. 7 of said Act, he must bring such child <u>forthwith</u> to the Judge of the Juvenile Court. In cases where the petition is filed before the child is taken in custody, then, of course, the officer serving the summons or warrant shall execute same as directed by the Judge of the Juvenile Court.

Hon. John H. Winters, page 6                    O-7227

                              Yours very truly,

                         ATTORNEY GENERAL OF TEXAS


                              By s/Robt. L. Lattimore, Jr.
                                   Robt. L. Lattimore, Jr.
                                              Assistant

RLL:LJ:wc


APPROVED SEP 5, 1946
s/Carlos C. Ashley
FIRST ASSISTANT
ATTORNEY GENERAL

Approved Opinion Committee By s/BWB Chairman