

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

August 24, 1948

Hon. Alfred M. Clyde
District Attorney
Fort Worth, Texas

Opinion No. V-667

Re: The legality of the payment of travel expenses of witnesses subpoenaed in a dependency case.

Dear Sir:

Reference is made to your recent request, which reads, in part, as follows:

"We have several dependency cases pending in the Civil Courts of Tarrant County in which the Chief Probation Officer has filed an action in the name of the State to declare the children neglected and dependent children and to make them wards of the Court in order that they may be protected in accordance with the statutes of this State.

"In a recent case . . . in the 17th District Court, Tarrant County, Texas, it was necessary to subpoena a number of witnesses from counties surrounding Tarrant County . . . The above mentioned cause was held on July 29, 1948, and at the completion of the hearing, the subpoena with a request for traveling expenses was presented to Mr. Lewis D. Wall, Jr,, District Clerk of Tarrant County, Texas. Payment was refused on the basis that under the laws of Texas there are no provisions for paying the fees of witnesses except in criminal cases. In order to adequately prove the allegations made in our petition it was necessary that the above named witnesses appear.

"The Prosecution of our pending cases will depend largely upon the statements of

<u>witnesses who must be subpoenaed from sur-</u>
<u>rounding counties,</u> but we are reluctant to
issue such subpoenas unless there is some
assurance that the witnesses will be reim-
bursed for their traveling expenses. I
would appreciate an immediate ruling in
this matter in order that I may know how
to proceed." (Emphasis added)

Article 2338-1, Section 13, V. C. S., pro-
vides, in part, as follows:

"The Judge may conduct the hearing
in an informal manner and may adjourn the
hearing from time to time. In the hear-
ing of any case the general public may
be excluded. All cases involving chil-
dren shall be heard separately and apart
from the trial of cases against adults.

"If no jury is demanded, the Judge
shall proceed with the hearing. When the
proceeding is with a jury, the verdict
shall state whether the juvenile is a
'delinquent child' within the meaning of
this Act, and if the Judge or jury finds
that the child is delinquent, or otherwise
within the provisions of this Act, the
court may by order duly entered proceed
as follows:

"(1) place the child on probation or
under supervision in his own home or in
the custody of a relative or other fit
person, upon such terms as the court shall
determine;

"(2) commit the child to a suitable
public institution or agency, or to a
suitable private institution or agency
authorized to care for children; or to
place them in suitable family homes or
parental homes for an indeterminate per-
iod of time, not extending beyond the
time the child shall reach the age of
twenty-one (21) years;

"(3) make such further disposition as
the court may deem to be for the best in-

terest of the child, except as herein otherwise provided.

"No adjudication upon the status of any child in the jurisdiction of the court shall operate to impose any of the civil disabilities ordinarily imposed by conviction, nor shall any child be deemed a criminal by reason of such adjudication, nor shall such adjudication be deemed a conviction, nor shall any child be charged with or convicted of a crime in any court." (Emphasis ours)

Section 21 of the same Article provides that an appeal may be taken by any party aggrieved to the Court of Civil Appeals, and the case may be carried to the Supreme Court by writ of error or upon certificate as in other civil cases.

That a juvenile proceeding is not criminal in nature is clearly evidenced in the holding of the court in the case of Dendy v. Wilson, 142 Tex. 460, 179 S.W.(2d) 269, wherein the court stated:

"This Act does not undertake to convict and punish a child for the commission of a crime. . . The only issue to be determined at the trial is whether the juvenile is a 'delinquent child' within the meaning of the Act.

". . . It has been repeatedly held by other courts, in construing acts similar to the one under consideration, that such statutes are not criminal in nature, and where their purpose is for the education and reformation of the minor, and the institution to which he or she is committed is not penal in nature, the denial of the right of a jury trial is not a violation of the Constitution . . .

"If the objects of the Act are to be accomplished, the proceedings thereunder must necessarily be civil in nature, and while in some respects the orders or the judgment of the court may have the characteristics of a judgment in a criminal

case, the customary rules of evidence in civil cases, developed through long experience as essential in arriving at the truth with reasonable certainty, must be followed."

It is apparent from the foregoing that such cases are civil in their nature. In fact, one of the main purposes for which the above Act was passed was to remove the stigma of crime from the juvenile in such cases.

After a careful investigation and search of the statutes, we are unable to find any statute providing for or authorizing the payment of traveling expenses of witnesses in such proceedings. Art. 2338-1, supra, makes no provisions whereby such witnesses may be reimbursed for traveling expenses when brought before the court in such hearings.

Since such cases are civil in their nature, and in the absence of any authority to compensate such witnesses, it is our opinion that such witnesses may not be reimbursed for traveling expenses. Although the officers may encounter extreme difficulty in obtaining witnesses in such proceedings, nevertheless the duty of supplying such compensation rests exclusively with the Legislature.

### SUMMARY

Witnesses subpoenaed in juvenile delinquency cases may not be reimbursed for traveling expenses under presently existing statutes.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

APPROVED:

*Fagan Dickson*

FIRST ASSISTANT
ATTORNEY GENERAL

By *Bruce Allen*

Bruce Allen
Assistant

BA:vmb:mw