### Odell Mills v. The State.

No. 3581. Decided June 2, 1915.

**1.—Delinquent Child—Appeal—Habeas Corpus.**

Under the delinquent child statute, a conviction or trial thereunder is not the subject of appeal, and the remedy, if any, is by writ of habeas corpus. Following Ex parte Bartee, 76 Texas Crim. Rep., 285.

**2.—Same—Married Woman.**

Where, under a conviction of the delinquent child statute, it was contended that the child convicted thereunder was a married woman under the age of eighteen years and was, therefore, not subject to punishment or correction, this can not be considered on appeal, and the remedy, if any, is by the writ of habeas corpus.

Appeal from the Juvenile County Court of Dallas. Tried below before the Hon. Quentin D. Corley.

Appeal from a decree or judgment finding defendant guilty as a delinquent child and committing him to the Girls' Industrial Home of Dallas County.

The opinion states the case.

No brief on file for appellant.

*C. C. McDonald,* Assistant Attorney General, for the State.

DAVIDSON, Judge.—Appellant was charged with being a delinquent child. The only question in the case, the evidence not being before us, is certified in a bill of exceptions by the judge, that is, that Odell Mills is a married woman, though under eighteen years of age. The contention is that a married woman can not be the subject of punishment or correction under the juvenile Act. The question presented by the record, in view of the recent decision by the majority of this court in Ex parte Bartee, can not be considered. It was there held that this statute did not create a criminal offense, and, therefore, a conviction or a trial and judgment under it, was not subject of appeal. It was further held that if the judgment was of such a nature as ought not to have been rendered, the only remedy was by writ of habeas corpus.

Vol. 77 Crim.-9

Under that holding we dismiss the appeal for want of jurisdiction in this court. This relegates the party to her remedy under habeas corpus. The writer desires to say that a married woman upon her marriage becomes of legal age and ceases to be a juvenile under the Act of the Legislature for the correction of children. Under the decision in the Bartee case the appeal herein must be dismissed, and it is accordingly so ordered.

*Dismissed.*