LEE BEEZLEY V. THE STATE.

No. 10664.   Delivered November 16, 1927.

Rehearing denied February 1, 1928.

1.—Assault to Rape—Evidence—Held Sufficient—Though Prosecutrix Married Woman.

Where, on a trial for an assault to rape, the evidence disclosed that prosecutrix was under the age of 18 years, and appellant was discovered in the act of attempting to have intercourse with her, the evidence was sufficient. Following Cromeans v. State, 59 Tex. Crim. Rep. 617, and other cases cited.

2.—Same—Continued.

The fact that at the time of the alleged assault, whether committed with or without her consent prosecutrix was under the age of 18 years and was married, did not relieve the appellant from culpability. See Smith v. State, 74 S. W. 556, and other cases cited.

3.—Same—Argument of Counsel—Not Improper.

Where in his argument to the jury, counsel for the state said, "The statement of Bill Williams was not refuted in this case," it being shown that other persons were present during the occurrence of the matters about which Williams had testified, this argument was not in any sense a necessary reference to the failure of the defendant to testify.

4.—Same—Argument of Counsel—Eliminated by Charge.

Where counsel for the state in his argument asked the jury what they would do, if some man would take their wives out in a canyon and attempt to do what this defendant did to prosecutrix, the court having instructed the jury in writing to disregard the argument, no reversible error is shown.

**5.—Same—Continuance—Diligence Necessary—Rule Stated.**

"It is not sufficient diligence to warrant a continuance to merely state that process was sued out, but it must be shown what was done with it, to whom and when it was delivered, and when issued to another county, the manner and time of its transmission must be shown." See Wilson v. State, 87 Tex. Crim. Rep. 625, and other cases cited.

**6.—Same—New Trial—Properly Refused.**

Where a motion for a new trial is predicated upon absent witnesses and appellant fails to attach the affidavits of such witnesses to his motion, we see no error in the action of the trial judge refusing him a new trial.

ON REHEARING.

**7.—Same—No Error Discovered.**

On rehearing, no doubt exists in our mind as to the correctness of the disposition of this appeal, and the motion for rehearing is overruled.

Appeal from the District Court of Carson County. Tried below before the Hon. W. R. Ewing, Judge.

Appeal from a conviction for an assault to rape, penalty 7 years in the penitentiary.

The opinion states the case.

*O'Keefe & Douglass* and *James Spillers* of Panhandle, for appellant.

*Sam D. Stinson,* State's Attorney and *Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for assault to rape, punishment seven years in the penitentiary.

The alleged injured female was unquestionably under eighteen years of age. There seems no controversy in the testimony over the fact that appellant, when discovered by witnesses, was prostrate upon the form of prosecutrix, whose clothes were up to her waist, and he was endeavoring at least to have intercourse with her. Proof of these facts would seem to measure up to the requirements laid down in Cromeans v. State, 59 Tex. Crim. Rep. 617; Schroeder v. State, 92 Tex. Crim Rep. 9, and Wilson v. State, 94 Tex. Crim. Rep. 374, which adhere to the announcement that one who takes hold of the person of a female under the age of eighteen years in this state, with the present purpose of then having carnal knowledge of her, either with or without her consent, is guilty of an assault with intent to rape. Some authorities are collated in the Wilson case, supra. Nor do we regard the proposition that prosecutrix being married, made any difference in the offense committed, or intro-

duced any other element therein.  See Smith v. State, 74 S. W. 556; Miller v. State, 79 Tex. Crim. Rep. 9, 185 S. W. 32.  Our view thus expressed makes plain the proposition that we are not in accord with several exceptions to the charge of the court which in different forms presented the view of appellant's attorneys that the charge was erroneous because same submitted to the jury the law in line with what we have said above.  We find nothing in any of the exceptions which are presented in bills of exceptions Nos. 7 to 11, inclusive.

Bills of exception Nos. 12 and 13 were taken to argument made by the State's Attorney.  In the opening argument said attorney stated to the jury as follows:  "The statement of Bill Williams was not refuted in this case."  Other persons were present during the occurrence of the matters about which Mr. Williams testified.  We do not regard this argument as in any sense a necessary reference to the failure of the defendant to testify.  Unless the argument is made in such manner as to give rise to the necessary inference that the defendant is the only person who could have refuted the testimony of Williams, the argument would not be held by us improper.

The argument complained of in bill of exceptions No. 13 was that the State's Attorney asked the jury what they would do if some man would take their wives out in a canyon and attempt to do what this defendant did to the prosecutrix.  Upon objection being made the court instructed the jury not to consider this argument, and gave them a written instruction to that effect.  We do not regard such argument as obviously hurtful, or of such character as that the court could not correct any impression made by same, by an instruction not to consider it.

Appellant's chief insistence is that the court erred in overruling his application for continuance.  Same has been carefully considered.  The offense is alleged to have been committed on the 17th of August, 1926, and the arrest of appellant immediately followed.  He was indicted on the 24th of August, and his case set the same day for the 30th of said month.  He procured a subpoena to the adjoining county of Hutchinson for one Jack Mulhall, and a subpoena to the county of the forum for one Brown.  If either subpoena had been returned on the 31st of August when the case was called for trial, there is nothing in the record to so show.  If either subpoena had ever been sent or delivered to any officer to whom the same might have been addressed, the record is bare of any fact so indicating.  The record is devoid of any showing of diligence.  Under Art. 543, Vernon's 1925 Annotated C. C. P., appear many notes.  In those under subdivision 2, upon citation of

half a hundred cases, it is stated as follows: "It is not sufficient to merely state that process was sued out, but it must be shown what was done with it; to whom and when it was delivered, and when issued to another county, the manner and time of its transmission must be shown," etc. See also Wilson v. State, 87 Tex. Crim. Rep. 625; Palmer v. State, 92 Tex. Crim. Rep. 640; Eads v. State, 94 Tex. Crim. Rep. 514; Johnson v. State, 95 Tex. Crim. Rep. 269; Garlington v. State, 99 Tex. Crim. Rep. 331. Appellant having wholly failed to show that the process issued was ever delivered to any officer, or any attempt made to have the same executed, brings himself completely within the rules just referred to. One of said witnesses was in the county where the case was tried, and the other in an adjoining county a few miles away. We are unable to see any reason why some showing could not have been made if the presence of said witnesses had really been desired, and if they would have given the testimony attributed to them in the application. The improbability of their giving such testimony appears apparent in the record. Appellant did not take the stand, nor did he introduce any witness to suggest conduct or acts on the part of prosecutrix in line with the testimony attributed to said absent witnesses. We have uniformly held that if the affidavit of such absent witness be attached to the motion for new trial, and be in line with what is set up as expected of him in the application for continuance, the trial judges would be precluded from questioning the fact that the witness would likely have testified as set up in the application. No affidavit of either of said witnesses is attached to the motion for new trial in the instant case. No one having testified on the trial to facts which would appear to lend color to the claim that these witnesses, if present, would have testified to the facts stated in the application, and no affidavits being attached to the motion for new trial, we see no error in the action of the trial judge in overruling the motion for new trial.

The facts in this case seem amply sufficient to support the judgment. Prosecutrix was a young girl who married when she was sixteen and was on her way to join her young husband who worked in the oil fields at the time of this occurrence. Appellant was the driver of a Red Ball bus or taxicab, and was conveying her from Panhandle to some point in the oil field. Apparently the two were alone in the vehicle. Without any contradiction from any witness, appellant induced prosecutrix to drink a bottle of something which he called beer. She testified that soon after drinking this she became unconscious and knew nothing until the following morning when she recov-

ered consciousness at the home of a Mr. Williams. Two witnesses who lived a few miles out from the town of Borger said on the afternoon of said alleged assault they were going after water up in a canyon and heard a woman moaning and screaming. They saw the top of a Red Ball taxicab down where the noise came from but there were high weeds and they could not see the person. They sent for Mr. Williams and Mr. Neeley, who were some distance away, but presently came. The witnesses above referred to testified that the woman kept up her moaning and screaming. Mr. Williams testified that when he came in sight of the Red Ball taxicab he heard a woman scream down near same. He drove his car up close and appellant was on top of prosecutrix, who was lying on her back, and appellant was between her legs. Witness jumped out of his car and ordered appellant to throw up his hands. When appellant raised up it was discovered that his pants were unbuttoned all around, that same were very wet and that his privates erect and protruding. Mr. Williams said the woman was weak and unconscious; that he helped her up and into his car, and that she laid down on the back seat. He took her to his home and sent for a doctor. He said she was in a very peculiar condition and did not seem to know what she was doing. He said appellant was not drunk. Mr. Neeley substantially corroborated Mr. Williams in the above testimony, and said that immediately upon their arrival the appellant said that is what a man gets for being on a drunken spree, and also said "This stuff is high-powered stuff." The prosecutrix testified that when she came to the next morning her arms and neck and back and private parts were sore, that she was of opinion that appellant had not penetrated her. We think these facts amply sufficient to show an assault with intent to rape, and that the verdict of the jury was justified. There was some question raised as to the admissibility of the testimony of Mr. Neeley as to what was said by appellant at the time they arrived upon the scene. We have no doubt of the admissibility of said testimony as part of the res gestae.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, Judge.—No questions are called to our attention as having been overlooked in the original consideration of the case, and all points which are again stressed in appellant's motion have been carefully re-examined. No doubt exists in

our mind as to the correctness of the disposition of this appeal. To write further would necessitate repetition which would serve no useful purpose.

The motion for rehearing is overruled.

*Overruled.*