## PHILLIPS v. STATE. (No. 12593.)

Court of Criminal Appeals of Texas. June 26, 1929.

Rehearing Denied Oct. 23, 1929.

Lindsley M. Brown, of Arlington, for appellant.

H. S. Lattimore, Chairman of Juvenile Board of Tarrant County, of Fort Worth, and A. A. Dawson, State's Atty., of Austin, for the State.

CHRISTIAN, J. Appellant was tried under the provisions of title 16, Code Cr. Proc. 1925, relating to delinquent children. She was committed to the girls' training school for two years.

The evidence developed the fact that appellant is 16 years of age, and that she was married at the time she was tried. The question is: Is a married woman under the age of 18 years subject to the juvenile delinquent statute?

The definition of "delinquent child" is determined by article 1083, Code Cr. Proc. 1925, which reads as follows: "The term 'delinquent child' shall include any boy under seventeen years of age or any girl under eighteen years of age who violates any penal law of this State, or who is incorrigible or who knowingly associates with thieves, vicious or immoral persons, or who knowingly visits a house of ill repute, or who is guilty of immoral conduct in a public place, or who knowingly patronizes or visits any place where a gambling device is being operated, or who habitually wanders about the street in the night time without being on any business or occupation, or who habitually wanders about any railroad yard or tracks, or habitually jumps on and off moving trains or who enters any car or engine without lawful authority. Any such child committing any of the acts herein mentioned shall be deemed a delinquent child, and shall be proceeded

against as such in the manner hereinafter provided, and as otherwise so provided so as to effect the object of this law."

Article 4625, Rev. Civ. St. 1925 provides: "Every female under the age of twenty-one years who shall marry in accordance with the laws of this State, shall, from and after the time of such marriage, be deemed to be of full age and shall have all the rights and privileges to which she would have been entitled had she been at the time of her marriage of full age."

Because of the provisions of the article last quoted and the expressions found in Mills v. State, 77 Tex. Cr. R. 129, 177 S. W. 492, we are asked to hold that a married female under the age of 18 years is not within the purview of the Delinquent Child Act.

The authorities are not in harmony on the question whether statutes of the class under consideration apply to married female infants who are otherwise within the classification provided by statute. The cases seem to be few in which it has been asserted that the statute does not apply to married female infants. 31 Corpus Juris, § 227, p. 1103; State v. Gates, 98 Or. 110, 193 P. 197; State v. Eisen, 53 Or. 297, 99 P. 282, 100 P. 257; Mills v. State, supra.

█ The act was designed for the welfare of juvenile offenders, its purpose being to afford an opportunity for reclamation and reform. It is remedial, not punitive. It was intended to restrain the criminal tendencies of the juvenile offender in their inception to the end that a fair opportunity might be afforded for the development of the elements of good citizenship. A disposition of a delinquent under the terms of the act or any evidence given in such case "shall not, in any civil, criminal, or other cause or proceeding whatever, in any court, be lawful or proper evidence against any child for any purpose whatever, except in subsequent cases against the same child under this law." Neither the conviction nor service of sentence operates to deprive the child of any of the rights of citizenship upon becoming of full age. Article 1092, Code Cr. Proc. 1925. In order that the beneficent purpose of the act may be effectuated, it should be construed liberally, except in so far as it purports to restrain the liberty of the child, in which case it should be strictly construed. In Ex parte Bartee, 76 Tex. Cr. R. 285, 174 S. W. 1051, this court held that a proceeding under the act is not criminal in its nature. Prior to the enactment of article 1093, Code Cr. Proc. 1925, providing that "a prosecution and conviction of a juvenile shall be regarded as a criminal or misdemeanor case" and that an appeal shall lie to the Court of Criminal Appeals, this court held that a criminal offense had not been defined by the statute, and that therefore the judgment of conviction under the statute was not appealable. As further supporting our conclusion that the act should be liberally construed to the end that the unfortunate subjects with which it deals may be reclaimed and reformed, we quote the language of the Supreme Court of Washington in Re Lundy, 82 Wash. 148, 143 P. 885, 886, 887, Ann. Cas. 1916E, 1007, noting that the act under consideration there is substantially the same in its scope as ours. The court said: "The act, in its application to the delinquent, is not punitive in its nature or purpose. The policy underlying this law is protection, not punishment. Its purpose is not to restrain criminals, to the end that society may be protected and the criminal perchance reformed; it is to prevent the making of criminals. Its operation is intended to check the criminal tendency in its inception, and protect the unformed character in the facile period from improper environment and influences. In short, its motive is to give to the weak and immature a fair fighting chance for the development of the elements of honesty, sobriety, and virtue essential to good citizenship. While no person, whether minor or adult, should ever be restrained of liberty without due process, and in that respect the statute must be construed with all the strictness of a criminal law (Weber v. Doust et al. [81 Wash. 668] 143 P. 148, just decided), in other respects it should be liberally construed, to the end that its manifest beneficent purpose may be effectuated to the fullest extent compatible with its terms. The act, taken as a whole, will admit of no other view."

█ The act under consideration defines its own terms. The first statement in article 1083, supra, is that "the term 'delinquent child' shall include any boy under seventeen years of age or any girl under eighteen years of age," making clear that age is the controlling element. The act does not except from its terms married females under the age of 18 years. It is not in consonance with the purpose of the law to hold that article 4625, supra, withdraws from the provisions of said act married females under the age of 18 years. As said in Re Lundy, supra, "the purposes of the Juvenile Court Law have a clear and distinct connection with age as related to discretion and character." We are unable to reach the conclusion that article 4625, supra, should dominate the definition of "delinquent child" to the extent of excepting from its operation married females under 18 years of age. Notwithstanding the provisions of article 4625, we have held that a married female under the age of 18 years may be the subject of rape, even though she consent to the act of sexual intercourse. Beezley v. State, 108 Tex. Cr. R. 556, 1 S.W.(2d) 903. By analogy the principle controlling the decision mentioned should have application here. We again quote from In re Lundy as follows: "We are asked to hold that, because another statute (Rem. & Bal. Code, § 8744) declares, 'All females married to a person of full age shall be deemed and taken to be of full age,'

792

the admitted prior marriage of the child here involved caused her to become and remain of full age for all purposes, and that the annulment of the marriage did not restore her former status as a minor child, within the purview of the Juvenile Court Law. The statute referred to, however, in removing the disabilities of minority, does not use the words 'for all purposes,' which we are asked to read into it. That statute merely removes the common-law disabilities of minority. It was never intended to prohibit a classification of minors for the purposes of legislation, nor to limit the meaning of the word 'minor' in acts relating to minors as a class without that exception. As we view the Juvenile Court Law, we find it unnecessary to enter into a lengthy discussion of this point, or to determine whether the annulment of the marriage restored the delinquent's status as a minor for all purposes, or for any purpose. Viewed as a remedial rather than a punitive statute, we would not be justified in holding that the definition of a delinquent or dependent person, found in the language of the first section of the act which we have quoted, is dominated and controlled by the single word 'minor,' taken in its technical legal significance as found in other connections, and as applied in relation to other things. The purposes of the Juvenile Court Law have a clear and distinct connection with age as related to discretion and character. In passing it, the Legislature indulged the usual presumptions arising from human experience that there is ordinarily a lack of mature discretion, discriminating judgment, and stability of character in children under the age of 18 years; hence it does not apply to all minor children, but only to 'all minor children under the age of 18 years.' "

In Mills v. State, 77 Tex. Cr. R. 129, 177 S. W. 492, the question of the effect of article 4625 when construed in connection with the Juvenile Law was not involved. The appeal in that case was dismissed because of the fact that it had been held in Ex parte Bartee, supra, that a proceeding under the statute was not criminal in nature and that there was no statute authorizing an appeal. The question here considered was not discussed, although it was stated that a woman upon her marriage becomes of legal age and ceases to be a juvenile as defined by the act under discussion. That question not being involved, the statement is not authority supporting appellant's contention.

It follows from what we have said that it is our holding that a married female under the age of eighteen years is within the terms of the delinquent child statute.

The judgment is affirmed.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the court.

On Motion for Rehearing.

LATTIMORE, J. ▇ Appellant makes complaint of the form of the judgment. It is manifest from an inspection of same that it should have been for a term of years not *more* than four, etc. The word "less" was used instead of the word "more." The judgment will be reformed so as to adjudge the appellant to confinement in the Girls' Training School at Gainesville for a term of years not more than four. Such judgment is in accord with article 1090 of our 1925 Code Cr. Proc.

▇ The complaint and information each charge the appellant in appropriate language with the crime of theft, and in addition charges her with being a delinquent child generally. This is sufficient.

The facts necessary to show the accused a delinquent fully appear in the record. She admitted the crime of theft as well as the further admission that she had attempted to take away from the state of Texas and carry to the state of California a mortgaged automobile. As far as we are able to determine from the record, all those persons legally entitled were given notice and were present at the time appellant was tried and adjudged a delinquent. Nothing suggests that she was in any wise deprived of the benefit of counsel, nor that she was refused a fair trial.

The motion for rehearing will be overruled.