### HARVE GRAY v. THE STATE.

No. 13033. Delivered February 26, 1930.
Rehearing denied April 2, 1930.
Reported in 26 S. W. (2d) 204.

The opinion states the case.

*D. T. Moore* of Hillsboro, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is perjury; the punishment confinement in the penitentiary for two years.

The only question raised involves the supposed error in overruling appellant's first application for a continuance. The indictment was returned on February 23, 1929. Appellant was arrested on the same day. The case was called for trial on the tenth day of June, 1929, at which time appellant filed his first application for a continuance. He averred in the application that he caused a subpoena to be issued by the district clerk of Hill County "commanding him to summon" Frank Baker to appear as a witness in appellant's behalf on the tenth of June, 1929. It is not shown in the application that the subpoena was directed to the sheriff of Falls County, the alleged residence of the witness. It is not shown what became of the process, in whose hands it was placed, and when. It is not shown whether it was served and when it was returned. It appears that appellant waited from the twenty-third of February, 1929, until the twenty-seventh of May in the same year to file his application for process for the witness. No excuse for such delay was offered. The burden was on appellant to establish the exercise of diligence in support of his application for a continuance. Branch's Annotated Penal Code of Texas, Section 314. The application was properly overruled.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—The showing of diligence to secure the absent witness is entirely wanting. Neither the court below nor this court knows what became of the process for the Falls County witness. See Beezley v. State, 108 Tex. Cr. R. 556, 1 S. W. (2d) 903, in which many authorities are cited; Stringer v. State, 10 S. W. (2d) 721; Vernon's Ann. C. C. P., of Texas, Vol. 1, Art. 543, Note 1.

The motion for rehearing is overruled.

*Overruled.*