### WILLIAMS et al. v. STATE.
No. 12060.

Court of Civil Appeals of Texas. Galveston.
March 3, 1949.

Rehearing Denied April 14, 1949.

Madison Rayburn, of Houston, for appellants.

A. C. Winborn, Criminal Dist. Atty., W. K. Richardson, and Frank G. White, Asst. Criminal Dist. Attys., all of Houston, for appellee.

CODY, Justice.

A petition was filed on May 27, 1948, by an assistant probation officer of Harris County against appellant Betty Joyce Williams (Linck), in a civil district court of Harris County, sitting as a juvenile court, under the docket number 808, and under the style "In the matter of Betty Joyce Williams, a delinquent child". The petition charged that the following facts constituted said appellant to be a delinquent child, who was alleged to be a female, born May 30, 1934, and was between the age of ten and eighteen years old. That appellant was 13 years of age, and was illegally married to George L. Linck, who is nineteen years of age, at Richmond, Texas, May 25, 1948, on her false affidavit that she was eighteen years of age. That appellant was reported to the probation department in the preced-

ing February, by her mother to be out of control; that appellant made poor and failing grades in school; that appellant wanders the streets and associates with people of questionable character; that appellant conducts herself so as to injure the health of herself and others.

The record shows that on the day that said petition was filed, the court found that appellant "is in such condition or surroundings that her welfare requires that her custody be immediately assumed by the Court", and the court ordered that said appellant be placed in the custody and control of the supervisor of the Juvenile Detention Home, Houston, Harris County, until final hearing or pending further orders of the court.

The record further shows with respect to said appellant, that on July 27, 1948, the aforesaid probation officer filed a petition to re-open the aforesaid case, wherein it is recited that on June 4, 1948, the juvenile court had found said appellant guilty as charged, and entered judgment that she was a delinquent child, and ordered her committed to the custody of the superintendent of Mary Burnett School for Girls, Bellaire, Texas, for an indeterminate peiod of time, not to exceed her 21st birthday, subject to the further orders of the court, and, after so reciting, the petition charged: That appellant had not conformed to the rules of the school, and is incorrigible, and on July 18, 1948, ran away from the school, and her whereabouts was unknown until July 30, 1948; that the Mary Burnett School for Girls asked that appellant be removed from there.

The record further shows that on August 6, 1948, upon a hearing, the court ordered the custody of said appellant be removed from the superintendent of the Mary Burnett School for Girls, and committed to the superintendent of the Gainesville Training School for Girls, Gainesville, Texas, for an indeterminate period not to exceed the time said appellant reached the age of 21 years, pending further orders of the court. The transcript of the evidence shows that the said hearing of August 6, 1948, also embraced the hearing of a petition of the other appellant in this case. A separate opinion is filed by us with respect to her appeal.

The record with respect to said appellant shows that on August 16, 1948, in aforesaid cause No. 808, she filed a motion to modify the order of August 6, 1948, wherein she alleged: (1) That she is a married woman, and that by reason of R.C.S. art. 4625, she has been emancipated from the disabilities of minority, and that she is not subject to the juvenile delinquency statutes. (2) That said appellant has not been charged with any violation of law set out in Article 2338—1, Vernon's Ann.Civ.St. (3) In the alternative, if said appellant comes within the purview of the delinquency act, then that it is for her best interest that she be placed in a private or semi-private home, and be removed from contact with girls who have been committed for murder and other heinous crimes, and asserts that the Catholic Sisters operating the Convent of the Good Shepherd will take her custody under the direction of the court.

The record further shows that on August 20, 1948, the court overruled said appellant's motion. The statement of facts which has been brought up shows that the hearing on said appellant's said motion was conducted jointly with the hearing on the like motion of the other appellant in this appeal.

The trial was to the court without a jury.

Appellant Betty Joyce Williams (Linck) has presented her appeal separately from the appeal of the other appellant herein, and appellee has answered said appeal separately. Appellant Betty Joyce Williams Linck predicates her appeal upon seven points which substantially present:

1. That she married five days before she became 14 years of age, and later ratified the marriage after she became 14 years of age, and that said marriage is valid unless or until annulled by a court of competent jurisdiction.

2. That appellant having become a married woman before any jurisdiction under the delinquent child act was exercised, she became emancipated by operation of law, and was not subject to the jurisdiction of the juvenile court.

3. That due process of law was violated in that appellant's parents were not served with process to be present at her trial.

4. That appellant was required to give evidence against herself in violation of law.

5. That where the undisputed evidence showed that appellant's only crime was having married her husband, the evidence failed to substantiate the petition.

6. That the court ordered appellant committed upon illegal, insufficient and hearsay evidence.

7. That appellant was illegally committed where the court heard and acted upon evidence of extraneous matters which were not charged against her in the petition.

As presented, appellant's point 1 is a mere abstract proposition of law. However, from the argument presented under said point 1, we understand that appellant intends by her points 1 and 2 to present the follwing: That, conceding her marriage was voidable because it was contracted in violation of R.C.S. art. 4603, nevertheless said marriage is valid unless and until it is annulled by a court of competent jurisdiction. And, it appearing that the marriage has not been annulled then, by force of R.C.S. art. 4625, appellant was emancipated so that she could not be subjected to the delinquent child act. We overrule the points 1 and 2.

■■ Art. 4603 provides that males under sixteen and females under fourteen years of age shall not marry. However, said statute does not go further and state as, for instance, does art. 4607, that a marriage in violation thereof shall be null and void. Therefore, it is true, as appellant contends, that her age when she contracted the marriage in violation of art. 4603 did not constitute a "diriment impediment" to her marriage, and her said marriage, though voidable, is valid unless or until same is annulled by a court of competent jurisdiction. See Gress v. Gress, Tex.Civ.App., 209 S.W.2d 1003. The fact that appellant later escaped from confinement and had sexual relations with her husband might constitute relevant evidence with respect to ratification or estoppel to be considered by a court in a suit for annulment. But the marriage, as contracted in violation of art. 4603, however imperfect and voidable, is nonetheless valid unless or until annulled without the aid of any such evidence of appellant having escaped and rejoined her husband.

■■ But the fact that appellant was thus married in violation of art. 4603 does not have the effect, in and of itself, of making art. 2338—1 inapplicable if she be in fact a delinquent child thereunder. Art. 4625 provides that "Every female under the age of twenty-one years *who shall marry in accordance* with the laws of this State, shall, from and after the time of such marriage, be deemed to be of full age and shall have all the rights and privileges to which she would have been entitled had she been at the time of her marriage of full age." (Emphasis supplied). Since the evidence shows that she married in violation of the Article 4603, she cannot claim either that her marriage is not subject to annulment, or that it could stand as a barrier to a proceeding against her under the delinquent child statute. However, it is not necessary for us to support our holding on the peculiar wording of art. 4625. Before the delinquent child statute was amended to make the proceeding thereunder a civil matter, and while the statute made such proceeding a criminal matter technically, the court of criminal appeals had before it for decision the very point, which appellant here urges, in the case of Phillips v. State, Tex.Cr.App., 20 S.W.2d 790, 792. In a well considered opinion that court expressly held in part "The purposes of the Juvenile Court Law have a clear and distinct connection with age as related to discretion and character. In passing it, the Legislature indulged the usual presumptions arising from human experience that there is ordinarily a lack of mature discretion, discriminating judgment, and stability of character in children under the age of 18 years; hence it does not apply to all minor children, but only to 'all minor children under the age of 18 years.'" A decision by the court of criminal appeals upon a matter within its jurisdiction is as binding on this court as one by the supreme court. Since there has been no material change in the law, which could possibly affect the binding quality of that decision, except to make the proceeding under the act a civil one, as distinguished from a criminal one, we fail to perceive

why that holding is not binding authority on the point decided, even though this opinion is not subject to review by the court of criminal appeals. However, we have carefully studied the decision, and if we are mistaken in believing that we are bound thereby, then we adopt the decision, and the full reasoning on which it is based.

We overrule appellant's point 3, presenting that due process of law was violated in that appellant's parents were not summoned to appear at the trial. Section 8 of art. 2338—1 provides in part "after a petition shall have been filed, and after such further investigation as the Judge may direct, unless the parties hereinafter named shall voluntarily appear, the court shall issue a summons reciting briefly the substance of the petition, and requiring the person or persons who have the custody or control of the child to appear personally and bring the child before the court at a time and place stated. * * *"

The evidence showed that the parents of the child had been divorced for some seven or more years; that the father lived at Sugarland; that the mother had remarried and lived in Houston and that the mother and child's stepfather had her custody. The evidence further showed that the complaint was made to the probation department by the mother, and that she had been present at each proceeding. At least we so understood the record, and understand appellee to so represent, and understand that appellant does not deny such representation.

Appellant has her points 5 to 7 grouped for presentation. We understand appellee to concede in effect that the only charge made in the petition filed against appellant, on which there was sufficient evidence presented to sustain it, was the charge that she had committed a felony, namely, falsely swore that she was eighteen years of age in connection with obtaining the marriage license. Appellant herself testified that this was so. But the record does not bear out appellant's contention that she was forced to give such evidence against herself. She informed the court that she did not wish an attorney.

It is well settled that it would have been reversible error had the court forced her to testify against herself. Dendy et al. v. Wilson et al., 142 Tex. 460, 179 S.W.2d 269, 151 A.L.R. 1217. The juvenile delinquency act does not undertake to try, convict or punish a child for the commission of a crime. Id; Steed v. State, 143 Tex. 82, 183 S.W.2d 458. The record does not show that the child was not advised of her constitutional right not to give evidence against herself before she testified, but we do not understand that it was incumbent on the court to so warn her. See Ballard v. State, Tex.Civ.App., 192 S.W.2d 329. In any case the child was committed originally on a hearing on June 4, 1948, and the evidence on that hearing was not brought up. The hearings upon which the evidence was brought up related to changing the custody from one school to another, and to hearing on appellant's motion. There is no doubt that perjury is a crime. P.C. art. 302. And that it is a felony, P.C. art. 308. There is no showing that the court considered any hearsay evidence, or any evidence on extraneous matters in committing appellant, and it will be presumed that he did not consider any illegal or inadmissible evidence.

Appellee presents a cross-point that appellant by force has escaped from the detention ward of the probation department of Harris county, and is still at large, and appellee urges that appellant has forfeited her right to this appeal, and has moved to dismiss this appeal. It is certain that such action did not forfeit appellant's right of appeal. Appellee has not seen fit to move to have the submission of appellant's appeal postponed and until she has recaptured and we have not considered whether, had a postponement been sought, appellant, by escaping, had been guilty of such a contempt as would have authorized such postponement. We ordered appellee's motion to dismiss taken with the case. Said motion is refused, and appellee's cross-point is overruled.

The judgment of the court in cause No. 808 is affirmed.

This is the appeal of Emily Williams (Johnston). The same transcript and statement of facts which cover the appeal of appellant Betty Joyce Williams Linck, also covers the appeal of this appellant, Emily

Williams Johnston. So the appeals of said two appellants were given the same docket numbers in this court. The record as applied to appellant Emily Williams Johnston shows the following:

A petition was filed on August 3, 1948, by an assistant probation officer of Harris county against said appellant in a civil district court of Harris county, sitting as a juvenile court, under the docket number 831, and under the style "In the matter of Emily Williams, a delinquent child". The petition alleged that appellant is over the age of ten and under the age of eighteen years, having been born April 22, 1932. The petition further alleged that appellant's residence is 211 Pecore Street, Houston, [which is the residence of the mother of both appellants in this appeal]. The petition alleged that the following facts constituted appellant a delinquent child:

That appellant appeared in juvenile court on December 22, 1947, at which time her case was passed, and she was placed under the supervision of the probation department. That she did not adjust to supervision, and at her mother's request was taken in custody, and placed in juvenile detention home. That appellant entered into a plan with George Linck [the husband of her sister, who is the other appellant] on July 18, 1948, and assisted appellant Betty Joyce Williams (Linck), who had been committed to Mary Burnett School for Girls to run away and had knowledge of her whereabouts but refused to tell until taken into custody by the probation department. That Betty Joyce Williams (Linck) was influenced to become incorrigible by appellant, which resulted in the commitment of Betty Joyce Williams Linck. That appellant was taken in custody by Crime Prevention Division on December 15, 1947, and placed in juvenile ward on complaint of her mother that she was a runaway. That her mother had complained of appellant before. That appellant was alleged to have been raped by Kenneth Johnston on June 28, 1946. That appellant was married to said Johnston by the consent of their parents on July 1, 1946, and lived together for two months when appellant and Johnston began going with other boys and girls. That they sepa-

rated on September 20, 1946, each returning to their homes. That appellant's mother placed her in the Convent of the Good Shepherd on September 25, 1946, and from whence her mother removed her in July, 1947, upon her promise to behave. That appellant returned to Johnston, and they began to misbehave, and separated about October 10, 1947, each again returning home. That appellant left her home with one Ashmore on October 17, 1947. That she was replaced in the Convent, aforesaid, but was required to leave because of letters which were intercepted from her to Ashmore, which, among other things, requested that he send her a pistol. That appellant admits having gone to New Orleans with Ashmore. That appellant is now divorced from Johnston. That she wanders the streets with people of questionable character. That she is without proper parental care. That she conducts herself so as to injure the health and morals of herself and others.

The record further shows that on August 3, 1947, appellant was, by order of the court, committed to the custody of the supervisor of the juvenile detention home, until a final hearing. That on August 6, 1948, appellant was ordered committed to the custody of the superintendent of Gainesville Training School for Girls, Gainesville, Texas, for not to exceed the time she becomes twenty years of age, and subject to the further orders of the court. That on August 11, 1948, appellants Emily Williams (Johnston) and Betty Joyce Williams (Linck) jointly appealed from their separate orders of commitment. That on August 16, 1948, appellant filed her motion to modify the order. That on August 20, 1948, the court entered a joint order refusing the motions of appellants to modify the order. That appellants filed separate motions for new trials, which were overruled.

The record contains a transcript of the evidence taken on hearings on August 6, and August 20, 1948.

Appellant predicates her appeal on three points, namely,

1. That appellant was a married woman before any jurisdiction was attempted to be exercised against her by the probation

department; that the marriage emancipated her from the disabilities of minority, and she was not subject to the jurisdiction of the juvenile court.

2. That appellant was compelled to give evidence against herself, and that the evidence against her on the charge was so obtained solely from her.

3. That appellant was illegally committed where the court received evidence which was hearsay, and incompetent evidence, and evidence on extraneous matters not charged against her in the petition.

 We overrule appellant's first point. The grounds for holding that a married woman who is between the years of 10 and 18 years of age is subject to the juvenile laws is fully set forth in our opinion filed in this case on this day with repect to the appeal of Betty Joyce Williams Linck.

 We overrule appellant's second point. The record does not show that appellant was required to testify illegally. The court asked her if she wanted a lawyer, and asked her sister if she wanted a lawyer, and her mother if she wanted a lawyer, and each declined a lawyer. The record does not show that she was advised of her constitutional right not to testify against herself. For the reason set forth in the opinion filed this day in the appeal of the other appellant herein, we have concluded that this was not reversible error where the services of a lawyer were refused.

Section 3 of art. 2338—1, Vernon's Ann. Civ.St., Acts of 1943, C. 204, reads in part:

" * * * The term 'delinquent child' means any female person over the age of ten (10) years and under the age of eighteen (18) years and any male person over the age of ten (10) years and under the age of seventeen (17) years:

"(a) who violates any penal law of this state of the grade of felony;

"(b) or who violates any penal law of this state of the grade of misdemeanor where the punishment prescribed for such offense may be by confinement in jail;

"(c) or who habitually violates any penal law of this state of the grade of misdemeanor where the punishment prescribed for such offense is by pecuniary fine only;

"(d) or who habitually violates any penal ordinance of a political subdivision of this state;

"(e) or who habitually violates a compulsory school attendance law of this state;

"(f) or who habitually so deports himself as to injure or endanger the morals or health of himself or others;

"(g) or who habitually associates with vicious and immoral persons."

 In order for one to be qualified as a delinquent child, it must be shown that he comes within the foregoing definition. It was the purpose of the Legislature that when a child was proceeded against as a delinquent child that he should be definitely charged with one or more of the matters which are set forth as definitions of a delinquent child, given above. See Dendy et al. v. Wilson, 142 Tex. 460, 179 S.W.2d 269, 151 A.L.R. 1217; Steed v. State, 143 Tex. 82, 183 S.W.2d 458. It is to be assumed that the petition against appellant was prepared by an officer of the probation department. It appears to contain allegations that are not countenanced by Section 3, aforesaid. And where the petition contains allegations which are apparently intended to be based on Section 3, the very important element of "habitual" is not contained in said allegations. However, it cannot be assumed that the purpose was to load the allegations against appellant, and it cannot be assumed that said allegations had any such effect. The trial here was to the judge without a jury. In such a situation it is always assumed that the judge did not consider any irrelevant allegations, or consider any improper evidence. This might be said to be peculiarly true in juvenile cases. See Ballard v. State, Tex.Civ.App., 192 S.W.2d 329, 332. It was not the burden of the court, however, to formally level special exceptions to the petition, and to require that only proper matters be contained therein. It was enough for him not to consider improper allegations or improper evidence, and it must be presumed that he did not. Here the petition charged that appellant assisted her sister to run away from the place of confinement where she had been placed by the juvenile court, which falls within "(b)" of Section 3, art. 2338—1, as

same is in violation of P.C. art. 333. We are doubtful if the allegations of the petition were sufficient to admit evidence of the "habitual" misconduct referred to in paragraphs "(b)" and "(g)", but for the reason given we overrule appellant's point 3.

The judgment of the court in cause No. 831 is affirmed.

On Appellants' Joint Motion for Rehearing.

Under authority of Texas Rules of Civil Procedure, Rule 428 the record has now been amended to show the original confessions of appellants which contained the usual warning that the statements might be used against the affiants, and that said statements were voluntarily made, and these were produced in court, and as amended further shows that the court repeated such warning when appellants testified.

Appellants' motion for rehearing is overruled.