**In the Matter of M.E.**

**Nos. 04–97–00823–CV, 04–97–00824–CV.**

Court of Appeals of Texas,
San Antonio.

Oct. 21, 1998.

---

Phyllis J. Beal, San Antonio, for Appellant.

Edward F. Shaughnessy, III, Enrico B. Valdez, Asst. Crim. Dist. Atty., San Antonio, for Appellee.

Before HARDBERGER, C.J., and RICKHOFF and STONE, JJ.

## OPINION

RICKHOFF, Justice.

M.E. argues that the juvenile court lacked jurisdiction over her because she was married when she committed the offenses for which she was adjudicated delinquent. We disagree and affirm.

### PROCEDURAL BACKGROUND

The State alleged that when M.E. was fifteen years old she engaged in delinquent conduct by committing theft and criminal mischief. At the adjudication hearing, M.E.'s attorney objected to the juvenile court's jurisdiction on the ground that M.E.

was married at the time the offenses were committed. The court overruled the objection, accepted M.E.'s pleas of true, adjudicated her delinquent for the two offenses, and placed her on probation for six months.

### DISCUSSION

In her sole point of error, M.E. argues that married persons under the age of eighteen should be tried in criminal court, rather than juvenile court. She bases this argument on the fact that such persons are considered to be emancipated in other contexts. She also points out that in certain circumstances the juvenile court may waive its jurisdiction and transfer a juvenile for trial in criminal court. *See* TEX. FAM.CODE ANN. § 54.02 (Vernon 1996). We recognize that married juveniles are treated as adults under many aspects of the civil law. *See, e.g.,* TEX. FAM.CODE ANN. § 1.104 (Vernon Pamphlet 1998) ("Except as expressly provided by statute or by the constitution, a person, regardless of age, who has been married in accordance with the law of this state has the capacity and power of an adult, including the capacity to contract."). Nevertheless, the thesis that married juveniles are not subject to juvenile court jurisdiction is contradicted by the language of the Juvenile Justice Code, rejected by case law, and contrary to reason.

The Juvenile Justice Code confers upon juvenile courts exclusive original jurisdiction over "proceedings in all cases involving the delinquent conduct ... engaged in by a person who was a child within the meaning of this title at the time he engaged in the conduct." TEX. FAM.CODE ANN. § 51.04(a) (Vernon 1996). "Child," in turn, is defined as a person who is:

(A) ten years of age or older and under 17 years of age; or

(B) seventeen years of age or older and under 18 years of age who is alleged or found to have engaged in delinquent conduct or conduct indicating a need for supervision as a result of acts committed before becoming 17 years of age.

**530**

*Id.* § 51.02(2). The statute thus defines "child" only with reference to age, and not with reference to marital status. *See* Op. Tex. Att'y Gen. No. MW–298 (1981) (noting that section 51.02 makes no reference to marital status and opining that married juveniles are subject to the juvenile laws).

■ We are charged with applying the literal text of statutes. *See State Bar of Texas v. Dolenz,* 893 S.W.2d 113, 114 (Tex. App.—Dallas 1995, writ denied). Based on the literal text of section 51.02(2), we conclude that a person who falls within the statute's age limits is a "child" and is subject to juvenile court jurisdiction regardless of his or her marital status.

Two other statutes in the Juvenile Justice Code reinforce our conclusion that married juveniles are subject to juvenile court jurisdiction. Section 51.03(e) excludes married persons from the definition of "child" for purposes of certain conduct indicating a need for supervision. *See* Tex. Fam.Code Ann. § 51.03(e). This statute thus recognizes that married persons are ordinarily included within the definition of "child." Additionally, section 51.02(10) defines "party" to include the child who is the subject of the proceedings or "the child's parent, *spouse,* guardian, or guardian ad litem." *Id.* § 51.02(10) (emphasis added). This statute recognizes that persons subject to juvenile court jurisdiction may be married. We also note that M.E.'s argument has been rejected by courts construing the predecessors to the current Juvenile Justice Code. *See Phillips v. State,* 20 S.W.2d 790, 792 (Tex.Crim.App.1929); *Williams v. State,* 219 S.W.2d 509, 512–13 (Tex.Civ.App.—Galveston 1949, no writ).

■ Finally, M.E. asserts that it is wrong to subject married juveniles to the "vagaries" of the juvenile justice system. This argument should be made to the legislature rather than this court. It bears pointing out, however, that one of the purposes of juvenile adjudications is to avoid branding a child a criminal and to allow her to retain rights that would be lost to an adult offender. *See In re D.S.,* 921 S.W.2d 383, 386 (Tex.App.—Corpus Christi 1996, writ dism'd w.o.j.). Although a juvenile offender is afforded the important constitutional protections provided to adult offenders in criminal court, she does not encounter the same legal disabilities upon her release as an adult offender would. *See id.; see also* Tex. Fam.Code Ann. §§ 51.10, 54.03(c). It is difficult to perceive how this system is unfair; indeed, the adjudication rather than conviction is considered preferable.

Because it is undisputed that M.E. was under 17 when she committed these offenses, she was a "child" subject to juvenile court jurisdiction. We overrule her point of error and affirm the judgments of the juvenile court.